### B. & A. DE FOREST *against* FRARY.

ON demurrer to the first and second counts of the declaration.

The first count stated, that on the *7th* day of *December*, 1822, in consideration that one *Wm. Woodworth* was then indebted to *T. Kellogg* and *L. R. Meller*, in the sum of $200; and that *Woodworth*, having carriages worth $1000, would and did, at the request and for the benefit of *Kellogg & Meller*, for the security and payment of his (*W's*) debt to them, deliver the carriages to the defendant, to be disposed of by him, and out of the avails to pay *K. & M.* their debt; and in consideration that *W.* then, as a part of the same transaction, drew his order in writing, upon the defendant, and thereby requested him to pay to the order of " *T. Kellogg* OR *L. R. Meller*," $200, whenever the defendant had sold of the carriages to the amount of the order; he, the defendant, accepted the carriages, and took possession of them for the purposes aforesaid; and, in consideration of the premises, then agreed to pay the $200 to the order of " *T. Kellogg* OR *L. R. Meller*," whenever he had sold of the carriages to that amount: and in pursuance of the agreement, and as part of the same transaction, for the consideration aforesaid, accepted the order, his own proper hand writing being thereunto subscribed by him, for the purposes aforesaid; which order was then delivered to *Kellogg*. That *Kellogg*, for himself and *Meller*, to the order of either of whom the $200 were made payable, on the same day when it was given, for a valuable consideration paid him by the plaintiffs, transferred, endorsed and delivered the order with the acceptance to the plaintiffs; and thereby ordered and

*In an action by the assignee of an order or draft not negotiable, in the name of the assignee against the acceptor, on an express promise by the latter to pay, it is proper to set forth all the circumstances which go to form the consideration of the order. Where such an order is payable to two persons for a debt due to them from the drawer, one alone cannot assign the order; they being tenants in common of the debt due on the order. And in declaring on an assignment by one, it must be shewn that he was a partner with the other, or in some other way had authority to assign, or the declaration will be bad; and this, even though the draft be drawn*

payable to the order of either of the payees.

An order payable on the sale of certain carriages is not negotiable as an inland bill of exchange; though it be in terms made payable to the order of the payee.

*It seems,* that in pleading an unsealed assignment of a chose in action, the consideration for such assignment must be set forth at large. It is not sufficient to aver generally, that the assignment was for a valuable consideration paid by the assignee to the assignor.

appointed the $200 to be paid to them; and authorized them to demand and receive that sum according to the terms of the defendant's agreement and acceptance. And the defendant, knowing the premises, at the request of the plaintiffs, then promised to pay them the $200, according to the tenor and effect of the order, &c.

This count then averred, that after these transactions, the defendant did sell and dispose of the carriages to the amount of $1000.

The second count stated, that on the 7th of *Dec.* 1822, *Woodworth* was indebted to *Kellogg* and *Meller*, in $200; and that in consideration of this debt, and that they then agreed to wait on *W.* for a still longer time for payment, *W.* agreed with them and the defendant, that he would deliver, and he did deliver accordingly, a quantity of carriages to the defendant, worth $1000, to be sold by him to pay the debt to *K. & M.* or their order, when he should have sold to that amount. That *W.* drew his order in writing on the defendant, by which he requested him to pay to the order of " *T. Kellogg* AND *L. R. Meller*," $200, (*as in the first count.*) That in consideration of the premises, the defendant accepted this order, which was delivered to *Kellogg.* That the defendant sold the carriages, &c. (*as in the first count.*) This second count then averred an assignment of the order to the plaintiffs in the same manner as in the first count; and that the defendant, with knowledge, and in consideration of the premises, promised as in the first count.

Demurrer, assigning for cause, 1. That the two counts set out the consideration of the order as between *Woodworth* and the payees, to which the plaintiffs were not privy; and the statement did not therefore aid the plaintiffs' claim. 2. That these counts set out the consideration on which the order was accepted, to which the plaintiffs were not privy, and their claim not aided by the statement. 3. That setting out the indebtedness of *Woodworth* to *Kellogg* and *Meller* did not aid the plaintiffs' claim, they not being privy to it. 4. But if it was proper to state such indebtedness, the consideration should

have been stated.   5. That the plaintiffs were not privy to the pledge of the carriages ; and their claim not strengthened by that fact.   6. That the parol negotiations and agreements were set forth, which were extinguished by the making and acceptance of the order.   And such negotiations or agreements could not aid the plaintiffs' right. 7. That the first count avers that the transfer and delivery of the order authorized the plaintiffs to demand and receive the $200, according to the defendant's agreement and acceptance ; whereas the plaintiffs could acquire no right independent of the order and acceptance.   8. As to the second count, that the plaintiffs were not privy to the agreement for delaying payment of the debt due from *Woodworth* to *Kellogg* and *Meller*, mentioned in the second couut ; and the plaintiffs' claim not aided by that circumstance.   9. As to the second count, that the plaintiffs were not privy to the indebtedness of *Woodworth* to *Kellogg* and *Meller*, or any agreement concerning the indebtedness ; and the indebtedness or agreement to pay out of the carriages, did not aid the plaintiffs' claim.   10. The tenth cause was inferential from the former causes, that the two counts contained irrelevant and unnecessary matter.

Joinder in demurrer.

*D. B. Tallmadge,* in support of the demurrer.   The order was clearly not negotiable, the time of payment being uncertain ; and the payment itself depending on a contingency.   No action, then, lies upon the order as an inland bill.   The plaintiffs must shew a complete title by assignment, before the defendant received the money, in order to entitle them to an action for that money.   This they have not done.   They should have set forth particularly the consideration of the assignment   An averment generally, *for a valuable consideration,* is not sufficient. *Andrews* v. *Beecker,* (1 *John. Cas.* 411,) *Littlefield* v. *Storey,* (3 *John. Rep.* 425,) and *Compton* v *Jones,* (4 *Cowen,* 13,) merely recognize the assignments of choses in action, and declare that the court will protect them ;

UTICA,
Aug. 1826.

De Forest
v.
Frary.

but the manner of pleading the assignment was not drawn in question. In the last case, it is true, the manner is shewn. It was general as here. But the point not being made, the case is not an anthority in this respect. All the court decide is, that assumpsit will lie on a promise to pay the assignee of a specialty. *Perkins* v. *Parker*, (1 *Mass. Rep.* 117,) however, raises and decides the point, that the assignee must shew the consideration in his pleadings. That case is recognized as authority in *Prescott* v. *Hull*, (17 *John.* 292.)

Again ; the assignment of the order was not made by both *Kellogg* and *Meller*, the payees. The second count states it as payable to the order *of both*. They were tenants in common ; and one could not divest the title of the other without his consent. (*Sanford* v. *Mickles*, 4 *John. Rep.* 224.) The plaintiffs, by the assignment, became tenants in common with one of the payees, *Meller*, who did not assign ; and the action should have been in his name, joined with the plaintiffs. There is then a plain nonjoinder, which is always fatal to the plaintiff, in an action arising *ex contractu*. It need not be pleaded in abatement. Would *Meller* be liable as a warrantor of this order in any respect, provided it should prove bad in the hands of the assignees ?

The special causes of demurrer are well taken.

*C. Bushnell*, contra. The matters objected to by the special causes of demurrer, are all parts of the circumstances, which together form the consideration of the original order of *Woodworth*, and the acceptance and agreement of the defendant. All these should be set forth. (*Lawes' Pl. in assumpsit*, 31, 49 *to* 54. 1 *Chit. Pl.* 295, 6. 6 *East* 569, 70. 2 *Chit. Pl.* 119, &c. *in the precedents. Com. Dig. action on the case upon assumpsit*, (*H.* 3.)

The declaration avers an assignment for a valuable consideration *paid* by the plaintiffs to *Kellogg*. This is the same as if it had said *money* paid. All the precedents, and all the books of reports, agree that this general averment is enough.

The draft was payable, in terms, to the order of *Kellogg* or *Meller*, in the disjunctive. This is equivalent to saying, the assignee of either of them. It authorized *Kellogg*, to whom alone it was delivered, to assign it for a valuable consideration.

Both counts aver, that the defendant, with full knowledge of all the circumstances, expressly promised to pay the plaintiffs. On this promise, the action can be sustained.

If either of these counts be good, the demurrer being to both, must fail. (*Mumford* v. *Fitzburgh*, 18 *John.* 457.)

*Curia, per* SUTHERLAND, J. It is a fatal objection to both counts, that they aver the assignment of the order, which is the foundation of the plaintiffs' action, to have been made by *Kellogg* alone, for himself and *Meller*, without averring that they were partners, or shewing, in any other way, the authority of *Kellogg* for that purpose. This draft was payable to the order of *Kellogg* or *Meller*, in the disjunctive, as stated in the first count; out of the proceeds of certain carriages, whenever they should be sold. It was, therefore, not negotiable; and its legal effect is the same as though the word *order* had been omitted. Both counts aver that the consideration of the order, was a debt due from *Woodworth* to *Kellogg* and *Meller*. They were tenants in common, therefore; and neither had a right to assign, without the express authority of the other. The second count avers that the draft was payable to the order of both. We cannot presume a partnership. It should be averred; so that the defendant may have an opportunity of contesting it.

The plaintiffs having failed to shew a legal title to the order, the consideration for the defendant's promise fails; and the plaintiffs cannot recover.

The special causes of demurrer are not well taken. It was necessary for the plaintiffs to show the original consideration of the order and acceptance; and the matters objected to, all go to form that consideration. (*Lawes' Pl. in assumpsit*, 31, 49. 1 *Chit. Pl.* 295, 6.)

I am inclined to think the general averment, that the assignment was for a valuable consideration, is not sufficient. The consideration should have been stated at large. (1 *Mass. Rep.* 117. 17 *John.* 292.) On this latter point, however, it is not necessary to express a definitive opinion.

The defendant must have judgment, with leave to the plaintiffs to amend on the usual terms.

<div style="text-align:right">Rule accordingly.</div>