Patrick Gibney, Administrator of Michael Murphy, deceased, v. John M. Marchay.

Declarations of a party. The declarations of a party in possession are admissible in evidence against the party making them, or his privies in blood and estate.

But such declarations are not competent as evidence to attack or destroy the title which is of record, &c.: Per Hunt, J.

*Francis Byrne*, for the appellant.

*Andrew Thompson*, for the respondent.

Hunt, J.　After a careful examination of all the testimony, I do not think this court would be justified in reversing the judgment, as not being in accordance with the evidence.　It devolved upon the plaintiff to show, affirmatively, that the house, 97 Orchard street, was purchased by Mrs. Murtagh, with the money of Michael Murtagh's estate, and that the defendant's purchase of the same was not *bona fide*.　It was claimed that, in such case, the property was, by law, held in trust for the heirs of Michael Murtagh. ( *Wood* v. *Robinson*, 22 N. Y., 565.)　I think these facts have not been satisfactorily established, although suspicion has been thrown upon the transaction, and the defendant has been placed in an awkward position, by the discrepancy between his answer and his testimony.　He was, however, the plaintiff's own witness; and if he did not appear well as a witness, that was rather the misfortune of the party calling him.

The bill alleges, among other things, that Josina Murtagh, having a life estate in the property of her husband, Michael Murtagh, converted the same into money, purchased the house, 97 Orchard street, with such proceeds, took the title in the name of Mrs. Hicks, who afterwards conveyed the same to Josina Murtagh, and that Josina afterwards conveyed the same to the defendant Marchay, who still holds the title.　It is alleged that the entire transaction was a fraud upon the heirs and legatees of Michael Murtagh, and that the defendant

Marchay was a party to the fraud, paying nothing himself for the property.

The answer, among other things, denies all knowledge of the estate of Michael Murtagh, its amount or value, or that any portion of it was invested in the property in question; all knowledge or belief of any fraud on the part of Josina; and alleges that he purchased of her the property on Orchard street in 1843, and paid a valuable consideration for the same, viz.: that Mrs. Murtagh, being very poor and in ill health, boarded with him for eleven years previous to the giving of the deed; that her board and the attention given to her were worth certain sums specified, and that he received a deed of the premises in question, in payment of the debt due to him from Mrs. Murtagh for this reason. The plaintiff, by his general replication, denied all the material allegations of the answer.

Neither party seems to have had a distinct idea of the legal effect of Marchay's answer, under the law as now announced in *Wood* v. *Robinson* (22 N. Y., 565). The plaintiff, upon the trial, directed his efforts to the establishing of two propositions: first, that the property was purchased by the means derived from the estate of Michael Murtagh; and secondly, that no consideration was paid for the property of Marchay. The last proposition, I think, he did prove by Marchay himself, who testified, in effect, that the property belonged to Mrs. Hicks; that she conveyed it to Mrs. Murtagh for the benefit of her daughter, the defendant's wife, and that, in pursuance of the same plan, Mrs. Murtagh afterwards conveyed the property to the defendant, considering that the same thing as conveying it to his wife. Mrs. Hicks, Benjamin Hicks, and Mrs. Marchay also testify that the property was purchased by Mrs. Hicks and paid for by her from resources described by them, and that no part of the purchase-money was derived from Mrs. Murtagh, or from the estate of Michael Murtagh. The plaintiff refused to accept the defendant's statement that he received the property of Mrs. Murtagh in payment for her board, and challenged the result of an inquiry into that subject. Both

parties embarked in the investigation, and I am inclined to the opinion that the defendant was in error, in the allegation of his answer in that respect; that he did not pay Mrs. Murtagh for the property; that it belonged to Mrs. Hicks, and was conveyed by her for the benefit of her daughter, and was held by the defendant in pursuance of that arrangement. I see no reason why the defendant, who denies the general equity of the bill, should be held to his answer in a particular point, in which the plaintiff himself has proved that he was in error. If it is proved that the property was purchased by funds derived from Michael Murtagh's estate, then it would be material to inquire into the manner in which the defendant obtained it; but I think his erroneous statement of that manner is not to be held conclusive, either upon that point or as evidence upon the main question of whether Michael Murtagh's funds went into the property.

The main allegation, that the Orchard street property was purchased with the funds of Michael Murtagh's estate, has not been satisfactorily proven. Much of the evidence was of trifling weight, as that given by the plaintiff's wife, who was called as a witness; and the numerous declarations of Mrs. Murtagh, either while she was in possession claiming to be the owner of the property, or when she was not owner and possessor, are of doubtful competency. Much evidence was given by Mary Burr, by Mrs. Gibney, and by Mr. Overhiser, of such declarations while she did not claim to be the owner.

It is not clear that Mrs. Murtagh's declarations, in the view claimed by the plaintiff, are competent, even while she held the title. The declarations of a party in possession are admissible in evidence against the party making them, or his privies in blood or estate, not to attack or destroy the title, for that is of record and of a higher and stronger nature than to be attacked by parol evidence. They are competent simply to explain the character of the possession in a given case. Thus, the declaration of the ancestor that he held as tenant of a person named is admissible in an action brought by such person against the heir. (*Potts* v. *Wilder*, 1 Comst., 525; *Jackson* v. *Miller*, 6 Cow., 751; 6 Wend., 228; 4 Taunt.,

16, 17.) The declarations of Mrs. Murtagh, that this property had been bought with the funds of the estate, were not within the principle, nor her declarations that she was sick or poor, nor of what Dr. Hicks had told her, nor of her answer in Chancery, in 1822 (before it is pretended that her money was invested in houses), nor her statement of the property disposed of by her will, or how, or to whom. Yet proof was made of all of these declarations. Upon the whole evidence, I think the plaintiff's case was not satisfactorily proven. The case leaves it quite as probable that the property was purchased by the moneys of Mrs. Hicks, as that the plaintiff's theory is correct.

On another important point the case is not well established, and that is, as to the value of Michael Murtagh's estate. Certain stocks are named in the chancellor's order in the old suit, which is probably not evidence against the defendant, but even there the amounts and values are not given; and we have no evidence in the case, that I discover, of what they did realize or could have been made to realize.

The appellant also claims that he is entitled to a new trial by reason of the exclusion of certain evidence offered by him. Among other offers, the plaintiff's counsel offered to prove "that defendant, Marchay, took a conveyance of the Eldredge street property as being his own property, and Mrs. Hicks was merely his agent; also to contradict that, and to show that it was the property of Mrs. Murtagh, fraudulently covered up by the defendant and Mrs. Hicks, merely to establish a combination and conspiracy between the defendant and Josina Murtagh to defraud the heirs and next of kin of Michael Murtagh, deceased.

The plaintiff claimed that the property in Orchard street, which is in question in the present action, was purchased with funds belonging to the estate of Hichael Murtagh, deceased, and that by a fraudulent combination and conspiracy between the defendant and Josina, the widow of Michael, this property was conveyed to Mrs. Hicks, afterwards by her to Mrs. Murtagh, afterwards by Mrs. Murtagh to the defendant. As I understand the offer in question, it is to prove by the

defendant that another piece of property had been purchased in his name, when it was in truth the property of Mrs. Murtagh, and fraudulently covered up by the defendant and Hicks, and that this was evidence to establish a fraudulent conspiracy between the defendant and Josina Murtagh, to defraud the heirs and next of kin of Michael Murtagh, deceased.

The plaintiff's conclusion is a *non sequitur*. It does not follow that, because the parties, or some of them, purchased and fraudulently covered up the Eldredge street property, a conspiracy existed to defraud the heirs of Murtagh. It does not legally tend to establish that result, and especially it does not when it is not offered to be shown that the Eldredge street property was purchased by funds belonging to the Murtagh estate.

The plaintiff's counsel offered to show that Mrs. Murtagh made a will, and that the witness (the plaintiff) destroyed it. This was not competent. The witness was called by the plaintiff, and was under his direct examination. It was offered, I suppose, as an impeachment of the witness. If offered as evidence, it should have been accompanied by such other circumstances as would indicate its connection with the merits of the case. In neither view does it appear to have been competent.

The evidence offered of Mrs. Murtagh's declarations, were not in the defendant's presence, as is stated in the brief, but the plaintiff offered to prove " that at the time defendant was present in 1841, she signed a will and stated that she had property to the amount of $18,000."

Declarations or statements made in the presence of a party are received in evidence, not as evidence in themselves, but to understand what reply the party to be affected by the statement should make to the same. If he is silent when he ought to have denied, the presumption of acquiescence arises. (1 Cow. and Hill, n. 191, 192.)

The cases in which the party is held to be affected by his silence, will be found to be cases where statements were made of his own actions or his own liabilities, and not where

he had no concern in law and no right to reply. This was an alleged statement of an old lady as to the amount of her property, to which the defendant had no right to assent or dissent, and in which he was in no way called upon to interfere.

These are the only objections to evidence argued by the appellant on his points, and I do not think they afford ground for a new trial.

Judgment should be affirmed.

DAVIES, Ch. J., WRIGHT, PORTER, LEONARD, and SMITH, JJ., concurred.

Judgment affirmed.