# JOSEPH SANFORD AND SARAH E. SANFORD v. NOAH NORRIS.

### *Statute of Frauds—Trustee.*

A party purchasing and taking title to property under an agreement to hold the same for the benefit of the party employing him thus to purchase and hold, cannot avail himself of the provisions of the statute for the prevention of frauds, to perpetrate a fraud by holding the same for his own benefit.

He becomes a trustee and holds for the benefit of the party under his agreement.

BOCKES, J.—The Defendant obtained title to the premises under an arrangement with the Plaintiff, Mrs. Sanford, by which he was to purchase the property for her benefit.

He paid the trifling sum of $20, and within a few months after sold for $2,000. He allowed Mrs. Sanford to have $1,000 of the advance, but refused to recognize her right to the remainder, and defends this action for such balance on the ground that the arrangement with Mrs. S., under which he took the title, was void by the statute of frauds.

The circumstances attending his purchase are not obscured in the least by any doubts, either as regards the facts or their moral bearing; nor is any excuse or apology offered for his violated faith ; and the simple question presented to this Court is, whether the fruits of his perfidy are secured to him by a law having for its object the prevention of frauds.

It stands indisputably proved that the Defendant obtained this title on the pretence that he was purchasing for Mrs. Sanford, as a friendly act to her, and under an agreement with her that he would take and hold the title for her benefit. Having thus obtained the title in himself, he claims and insists that he is under no legal obligation to carry out the arrangement because it is not evidenced by a writing, and that he may violate the trust and confidence reposed in him with impunity.

But the law will not give its aid in support of a wrong and fraud so flagrant. If the question could ever have been consid-

ered open for discussion, it must now be deemed settled by the recent decision of this Court in Ryan *v.* Dox (34 N. Y. 307), wherein the equitable principle is recognized as the established law of this State, that " equity will at all times lend its aid to defeat a fraud, notwithstanding the statute of frauds."

The case cited is very nearly the counterpart of this under consideration; where the Defendant purchased on a mortgage sale, at an inadequate price, under an agreement with the mortgagor that the purchase should be for the benefit of the latter; and it was held that he was to be deemed the trustee of the party for whom he undertook the purchase, and that it was no objection that the agreement was not in writing. In the opinion in that case the learned Chief Judge has fully discussed the question, here again presented, on principle and authority, and alludes approvingly to the disposition of this case at General Term. The case of Morey *v.* Herrick (18 Penn. St. Rep. 128) and of Soggins *v.* Heard (31 Miss.; 2 Geo. 426) are also directly in point. The decision in Ryan *v.* Dox renders further consideration of this case quite unnecessary.

The judgment should be affirmed.

All concur except Hunt, J., who dissents.

JOEL TIFFANY,
State Reporter.
