JOSEPH K. WELLS, RESPONDENT, *v.* DENNIS J. O'CONNOR AND ANNIE A. O'CONNOR, APPELLANTS, IMPLEADED, ETC.

*Fraudulent conveyances — statements of the assignor, made after the assignment, are not admissible as against the assignee — right of the assignee to attack the plaintiff's judgment for fraud.*

In an action by a judgment creditor to set aside as fraudulent a conveyance of real estate made by the debtor to his wife through a third person, statements of the debtor made after the execution of the deed and the delivery of the possession of the property cannot be received to show that he intended by the conveyance to defraud his creditors.

In such an action the wife may show that the plaintiff's judgment was procured by fraud and collusion, and with the intent to charge the property of the wife with the debt of the husband.

APPEAL from a judgment in favor of the plaintiff, entered on the trial of this case at a Special Term.

*Stearns & Ames* and *Walter S. Cowles*, for the appellants.

*Henry E. Davies*, for the respondent.

DANIELS, J.:

This action was prosecuted by the plaintiff as judgment creditor of Dennis J. O'Connor to set aside as fraudulent two deeds executed on the 6th day of May, 1879. The first was from O'Connor the debtor to John C. Redican. The other was dated the same day and was executed by Redican to the defendant Annie A. O'Connor, the wife of Dennis J. O'Connor, the judgment debtor. The consideration mentioned in each deed was the sum of one dollar, and the object of the conveyances was to place the title to the premises mentioned in them, in the wife of the judgment debtor. The judgment was recovered by the plaintiff against him in the Marine Court for the amount of a promissory note made by him, and dated on the 3d day of July, 1879.

As the conveyances preceded the creation of the indebtedness they were not necessarily fraudulent or inoperative as to the plaintiff. That might very well have been held to have been their character as to creditors whose debts existed at the time when the conveyances were made. But as to future creditors of the debtor that is not the rule, unless the indebtedness is practically a continuation of what the debtor owed at the time when he parted with his property. That such was the nature of this indebtedness was in no manner shown in the case. It appeared on the contrary, so far as the evidence tended to exhibit its character, to have been created at or near the time when the note upon which the judgment was recovered was made. As to this particular indebtedness therefore the preceding transfer of these portions of the debtor's property to his wife could not necessarily be held to have been fraudulent or ineffectual as to any rights of the plaintiff. But to entitle him to avoid it such proof was required as would establish the fact that the debtor parted with this property to avoid the payment of the debts afterwards expected to be contracted by him. (*Case v. Phelps*, 39

N. Y., 164; *Zimmerman* v. *Schoenfeldt*, 3 Hun, 692; *Ocean Nat. Bank* v. *Hodges*, 9 id., 161; *Savage* v. *Murphy*, 34 N. Y., 508.)

In order to show these conveyances to have been fraudulent within this principle, evidence was given of statements made by the debtor O'Connor subsequent to the time of the execution of the deeds, and after the debt itself had in fact been contracted.

His examination on oath also, in two proceedings taken against him supplementary to execution, was offered in evidence upon the trial and received by the court, and from the statements proven in this manner it was made to appear that the conveyances were probably executed and delivered to avoid the payment of the debtor's future liabilities. Before this evidence was given it was objected to as improper and incompetent, and exceptions were taken to the rulings of the court under which it was received.

It did not appear that the debtor remained in the possession of the property conveyed after the execution and delivery of the deeds. But in his own examination as a witness for the plaintiff upon the trial he stated that he resided at 57 Park street, and that was not included as a part of the property conveyed to his wife. Under these circumstances the statements by O'Connor after the delivery of the deeds were not competent evidence to impeach or set aside the title acquired through them by his wife. (*Gibney* v. *Marchay*, 34 N. Y., 301; *Booth* v. *Swezey*, 4 Seld., 276; *Tilson* v. *Terwilliger*, 56 N. Y., 273; *Burnham* v. *Brennan*, 74 id., 597; *Odgen* v. *Peters*, 15 Barb., 560.)

On the trial of the action it was proposed to be shown, for the purpose of sustaining the title of the wife, that the judgment recovered against her husband by the plaintiff in the Marine Court was the result of collusion between himself and Irwin, to whom the note had been delivered, and for the purpose of charging the property of the wife with the debt. This evidence was excluded by the court and exception was taken to the decision rejecting it. When a judgment is recovered by the creditor in good faith against his debtor, and proceedings are taken on its basis to set aside a fraudulent transfer of the debtor's property, the party proceeded against is concluded by the judgment as to the fact of the indebtedness. (*Candee* v. *Lord*, 2 Comst., 269.)

But that rule does not extend so far as either to include or protect a judgment which may have been recovered collusively or in bad faith.

As to such a judgment it cannot be made the foundation of proceedings of this nature, so as to preclude the person whose title is intended to be assailed from showing the true character and nature of the proceeding resulting in the judgment. (*Mandeville* v. *Reynolds*, 68 N. Y., 529, 545.)

The evidence which was proposed to be given upon the trial for the purpose of impeaching the judgment should, therefore, have been received; and its exclusion under these authorities, and the general rule prevailing upon the subject, was error.

Without the proof of the statements made by the judgment debtor, as to the intentions governing him in the conveyance of this property to his wife, a case for setting aside these deeds was not made out. The evidence, therefore, which was improperly received appears to have been prejudicial to the party resisting its introduction. On both these grounds, therefore, the judgment in the case should be reversed, with costs to the appellant Annie A. O'Connor, to abide the event of this action.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, with costs to the defendants.