LEVI S. NOYES, APPELLANT, *v.* ABRAM V. MORRIS AND OTHERS, RESPONDENTS.

*Dismissal of the complaint in an equity case— the direction of the judge constitutes a sufficient finding of facts and conclusion of law — the signing of the direction by the clerk is sufficient — declaration of a vendor, not evidence.*

Where an equity case is tried before the court, no jury being impanneled for the purpose of passing upon the disputed facts, if, on the whole evidence, the judge determines that the plaintiff has failed to make out a case, his decision dismissing the complaint is such a finding of facts and determination of the law arising upon them, as, together with the signing of such decision by the clerk, to be a substantial compliance with the provisions of section 1022 of said Code.

Declarations of the vendor, after the sale and delivery of possession of the property sold, are not, in the absence of proof of conspiracy, competent evidence against the vendee in an action in which the sale is attacked on the ground of fraud.

APPEAL by the plaintiff from a judgment entered, after a trial at the Montgomery Circuit before the court and a jury, on the 18th day of November, 1889, in the office of the clerk of the county of Montgomery, at which trial the court directed that the plaintiff's complaint be dismissed, with costs.

*E. F. Bullard,* for the appellant.

*M. L. Stover,* for the respondents.

MAYHAM, J.:

Appeal from a judgment entered upon the dismissal of the plaintiff's complaint at the trial. The action was brought to set aside certain deeds of conveyance of real estate made by Adam W

Kline and Bata A. Kline to Abram Morris, and by Morris to Robert Felthousen, also to set aside a general assignment by Bata Ann Kline to Julius Wasserman for the benefit of creditors. On the trial the plaintiff put in evidence a deed from Bata A. Kline and Adam W. Kline, her husband, to Abram V. Morris, dated December 8, 1883, conveying the premises described in the complaint, reciting a consideration of $15,000, and subject to a mortgage of $2,500.

Plaintiff also read in evidence the record of a deed, dated December 8, 1883, from Bata A. Kline and Adam W. Kline her husband, to Thomas Liddle, conveying the factory property in Amsterdam, reciting a consideration of $40,000, subject to a mortgage of $25,000 to be deducted from consideration as expressed.

Plaintiff also puts in evidence an assignment for the benefit of creditors, executed by Bata Ann Kline to Julius Wasserman, dated December 10, 1883, which directed the assignee to pay the debts of the assignor in classes as therein specified. The plaintiff also put in evidence three judgments against the defendant Bata A. Kline in favor of John Consalus, one entered July 24, 1883, for $2,762.26, on which an execution had been issued and returned unsatisfied January 24, 1884; also a judgment against B. A. Kline, entered January 5, 1887, on four notes dated, respectively, August 8, 1883, September 1, 1883, September 14, 1883, and October 25, 1883.

Plaintiff also put in evidence a judgment for $6,309.63, roll filed January 10, 1884, in favor of John Consalus against Bata A. Kline, being for the amount of four notes made by B. A. Kline, dated, respectively, September 8, 1883, September 11, 1883, September 20, 1883, and September 12, 1883.

The plaintiff also put in evidence an assignment, executed by John Consalus to this plaintiff of each of the above mentioned judgments, dated July 28, 1883.

The plaintiff also read in evidence a deed from A. V. Morris to the defendant Felthousen, dated April 22, 1884, recorded May 17, 1886, conveying the premises described in the complaint, expressing a consideration of $15,530.

The plaintiff also put in evidence the testimony of Bata A. Kline, taken before a referee in proceedings supplementary to execution February 24, 1884. This evidence was objected to by the defend-

ant, and received by the court against Mrs. Kline only. There was some evidence given by the plaintiff tending to show that the premises conveyed to Morris was worth at the time of the conveyance $22,000 to $23,000.

The plaintiff, upon this evidence, rested his case, the defendant's counsel moved to dismiss the complaint upon the following grounds:

*First.* That there was no evidence of fraud on the part of any one in the transaction.

*Second.* That plaintiff had failed to prove any facts upon which fraud could be predicated.

*Third.* That plaintiff had failed to prove the cause of action set forth in the complaint.

*Fourth.* That there was not sufficient evidence on the question of fraud to authorize the submission of the question to the jury.

*Fifth.* That plaintiff had no right to maintain the action.

*Sixth.* That under the statute of 1858 this action could only be maintained by the assignee.

The court held that there was no evidence of fraud, and declined to rule that the *onus* was upon Felthousen to show that he purchased in good faith, and that the fact that there was no change of possession throws the *onus* upon the grantee.

The court held that there was no evidence in the case to show that he did not purchase in good faith and declined to hold otherwise, and dismissed the complaint.

There was no request to submit the question of fraud to the jury, but the plaintiff requested the court to rule and decide that if Mrs. Kline intended to commit a fraud by giving the deed, the *onus* was upon Morris and Felthousen to show that they bought in good faith.

So far as we can see, there was no evidence offered in the case that could sustain the allegation of fraud, if we exclude the testimony of Bata A. Kline taken before the referee on proceedings supplementary to execution.

That evidence was excluded except as against her, and was not before the court for consideration as against the grantees, and it is, therefore, insisted by the plaintiff that its exclusion was error.

The rule seems well settled that the acts or declarations of a grantor after the grant, in the absence of proof of a conspiracy

between the grantor and grantee or assignee, are not competent as against the grantor or assignee in possession to invalidate the grant or assignment.

In *Cuyler* v. *McCartney* (40 N. Y., 226), the Court of Appeals, by WOODRUFF, J., uses this language: " I concur fully in the proposition that after the execution and delivery of an assignment for the benefit of creditors, and the entry of the trustees upon the performance of the trust, \* \* \* the assignor cannot, by his declaration or admissions out of court, invalidate the trust." \* \* \* " On such.evidence the assignees may legally say, as to us, the allegation is wholly unproved."

Declarations of a vendor after sale and delivery of possession are not competent evidence against a vendee in an action wherein the sale is attacked for fraud. (*Burnham* v. *Brennan*, 74 N. Y., 597; see, also, *Jacobs* v. *Remsen*, 36 id., 670.)

Declarations of parties at the time of a transaction are usually receivable as part of the *res gestæ*. But declarations of one of the parties at another time, and in the absence of the other, are not admissible. (*Ogden* v. *Peters*, 15 Barb., 562.)

"All the cases agree that declarations made by the person under whom the party claims, after the declarant has parted with his rights, are utterly inadmissible to affect any one claiming under him." (3 Phil. Ev. [Cow. & Hill's Notes], part 1, p. 276.)

This rule seems so universal as not to require further citations of authorities. It is elementary and founded upon most obvious reason and propriety. To this rule there is an exception when the grantor remains in possession; after the grant his declarations are sometimes competent to prove fraud. But before such declaration can be received for that purpose, it must appear distinctly that the declarant is an occupier at the time. (*Pickett* v. *Pickett*, 3 Dev., 6; 3 Phil. Ev. [Cow. & Hill's Notes], part 1, p. 275.)

This is not in conflict with *Loos et al.* v. *Wilkinson et al.* (110 N. Y., 210). In this case plaintiff was permitted to prove declarations of the grantor while in possession, the possession being established beyond question, and that rule was sustained on appeal. But the court put their ruling expressly upon the ground that at the time of the declaration the grantors were in possession and the deed was purposely kept from record.

In the case at bar no such facts are proved; the allegations in the complaint that the grantor retained the possession of the premises after conveyance are denied in the answer, and the plaintiff offered no evidence upon that subject, except that of witness Flansburgh, who says: " They continued to occupy the same for several years, I think." This evidence does not come up to the rule as laid down in *Pickett* v. *Pickett (supra)*. Nor is it sufficient to bring the case within the rule stated in *Loos et al.* v. *Wilkinson et al.*, above cited.

If the above conclusions are correct, then the evidence fails to establish fraud and the plaintiff could not legally recover. This bring us to the consideration of the remaining question raised in this action. Had the judge in this class of cases a right to dismiss the complaint summarily upon the trial, or should he have formulated findings of fact and conclusions of law upon which a decree could have been entered ?

The action was purely an equitable action, and all the relief asked for was of an equitable nature or character; it was, therefore, an action triable by the court, and neither party was entitled to a trial by a jury, (*MacNaughton* v. *Osgood et al.*, 114 N. Y., 577 ; Code of Civil Procedure, § 968.) The questions of fact arising upon the issue might have been directed by the court to be tried by a jury (Code, § 971), but no issues were framed and no question formulated for the jury; and even if the issues had been framed and heard by a jury, the court would have been called upon to pass upon, and might have adopted, rejected or modified their verdict. In such case the action would have to be brought to a hearing before the court; and the decision made in writing in the same manner as if there had been no verdict of the jury on the issue.

But the practice has been settled that where an equity case is tried by the court, with a jury impanneled for the purpose of passing upon such disputed facts as the court may submit to it, if on the whole evidence the judge determines that the plaintiff has failed to make a case, his decision dismissing the complaint is such a finding of facts and determination of the law arising upon them, and the signing by the clerk was a substantial compliance with the provisions of section 1022 of the Code of Civil Procedure.

In *Rousseau* v. *Bleau* (8 N. Y. Supp., 824) the court, LANDON, J., in discussing this question uses this language : "The signature of the clerk is the signature of the court. The judgment is equivalent to a finding of fact by the court that the testimony adduced by the plaintiff did not, taken in the aspect most favorable to him, establish the case alleged in his complaint. It is also a finding that the court did elect not to submit any question to the jury. The direction for judgment finds that on the merits the plaintiff is not entitled to recover."

If the court had awarded affirmative relief, it would have been proper to have made out a decision setting forth the facts with conclusions. But the necessity for setting forth findings of inconsequent facts, and then formally finding, as a conclusion of law, that they are inconsequent, is not so obvious. We think that a judgment, signed by the clerk, in a case in which the result is a dismissal of the complaint upon the merits, a sufficient compliance with section 1022.

The case of *MacNaughton* v. *Osgood* does not hold otherwise. There is no difficulty in reviewing upon appeal such a case. It will be seen that the proceedings of the trial court upon this point was not irregular, and that a valid judgment might be entered upon the decision of the trial judge dismissing the complaint in an equity action.

The judgment must be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.