BERNHARD COHEN AND ANOTHER, APPELLANTS, *v.* EZEKIEL PLONSKY AND AARON ANSPACH, RESPONDENTS

*Fraud—assignment by a debtor for value—creditors' action to set it aside — sufficiency of the complaint.*

In an action brought to set aside an assignment, for value, of bills receivable, made, as alleged, by the defendant Anspach to the defendant Plonsky with intent to hinder, delay and defraud the creditors of Anspach, the complaint alleged that Anspach was largely insolvent; that, in addition to the said assignment to Plonsky he, about the same time, assigned all his other bills receivable, and confessed judgments, and also executed to the partner of Plonsky a second mortgage upon certain property; that executions were issued upon the judgments which, in connection with the assignments, exhausted all the property of Anspach and left him still indebted to creditors in the sum of $75,000; that Plonsky realized upon the bills receivable more than he had paid for the demand against Anspach, to pay which they were assigned, and had shared this profit with Anspach.

*Held,* that it was error to dismiss the complaint upon the ground that it did not state a cause of action.

That such a dismissal presupposed that there was no question for the jury, whereas, in this case, conceding that the demand purchased by Plonsky was valid, it could not be said that the facts would not justify a finding by the jury that the assignment of the bills receivable was made to defraud creditors, and there was, therefore, a question of fraud to be considered by the jury.

APPEAL by the plaintiffs Bernard Cohen and Isidore Sonnenthal, copartners doing business under the firm name of Charles Semon & Co., from a judgment, entered in the clerk's office of the county of New York on the 30th day of January, 1891, dismissing the complaint after a trial by the court at the New York Special Term ; also from a judgment, entered in said clerk's office on the 16th day of

February, 1891, in favor of the defendant Aaron Anspach for seventy-nine dollars and ten cents costs, and in favor of the defendant Ezekiel Plonsky for eighty-one dollars and eighty-five cents costs.

*George M. Pinney, Jr.,* for the appellants.

*M. Wailey Platzek* and *Blumenstiel & Hirsch,* for the respondents.

DANIELS, J. :

The plaintiffs recovered judgment against the defendant Aaron Anspach, upon which an execution, issued to the sheriff of the county in which he resided, against his property, had been returned unsatisfied. This action was then brought to set aside an assignment of bills receivable to the amount of $5,429.58, made by the judgment-debtor to the other defendant in the action. It was charged in the complaint that this assignment was made with intent to hinder, delay and defraud the creditors of the debtor. This was denied by the answers of the defendants.

When the trial was brought on, a motion was made by the defendants to dismiss the complaint, on the ground that no cause of action was therein alleged. And the justice presiding stated that he did not think that the complaint stated a cause of action. But as it was alleged that the assignment of the bills receivable was made and received with the intent to hinder, delay and defraud creditors, this was probably a misapprehension of its effect. (*Billings* v. *Russell,* 101 N. Y., 226.) But the action was not disposed of on that motion. And the plaintiffs' counsel then made a full statement of his case, and, in compliance with his request, he was allowed to amend his complaint by stating in it what he expected to be able to prove. And that was that the debtor was insolvent to a large amount; that on the same day this assignment was made he made another for about $5,000 of accounts; that on the same day he executed another assignment of accounts, amounting to about the sum of $1,800, to the firm of which the other defendant was a member, and confessed two judgments amounting together to about $6,500. And two days before these assignments and confessions of judgments he also executed to the partner of the other defendant a second mortgage on his property for the sum of $5,000. Executions were issued on

the confessed judgments, upon which there was collected the sum of a little over $2,500. By these assignments and the sales under the executions, all the property of the debtor was disposed of, leaving unsatisfied judgments against him of upwards of $75,000. It was also proposed to be proved that the defendant Plonsky received the assignment to him for a demand of $5,300, which he purchased against the debtor for $4,000. That he received on the bills assigned to him more that he paid for the demand against the debtor, which he bought, and that part of this profit was turned over to the debtor. The court considered these facts insufficient to maintain the action, and dismissed the complaint. It was held that no cause of action was shown against the defendants. And the plaintiff's counsel excepted to the decision.

The legal effect of what, in this manner, took place was that there was no question of fraud presented, or which could be inferred by the court from the case the counsel offered to prove. And that is the nature of the order entered on which the judgment was recovered. If, by any view of the proof offered, the action could be maintained, then the dismissal was erroneous. The dismissal as it was ordered was the same as a nonsuit at the circuit, which cannot be sustained when the evidence presents a question of fact for the jury. It has that effect, and no other, when it becomes the subject of review upon an appeal. (*Scofield* v. *Hernandez*, 47 N. Y., 313; *Van Derlip* v. *Keyser*, 68 id., 443; *Rousseau* v. *Bleau*, 8 N. Y. Supp., 823; *Noyes* v. *Morris*, 56 Hun, 501, 506.)

The question, therefore, arises whether the court could not infer from this offer of proof, even though the demand purchased by Plonsky was a valid debt, that the assignment was made of the bills payable by the debtor to him, with the intent to hinder, delay and defraud the other creditors of the debtor, as that was sufficiently alleged in the complaint. It is not requisite that the proof offered should absolutely require that conclusion to be adopted, but the inquiry is whether that might not fairly be done.

The case disclosed is that of a person in business, who proves to be insolvent in nearly the sum of ninety thousand dollars, at the same time and after mortgaging his property transferring by assignments his bills receivable and accounts to three different parties, and con-

fessing two judgments, under the executions on which all his other property was sold, realizing but little over fifteen hundred dollars, and sharing with the assignee the profits secured by the assignment in controversy. It would probably do no violence to these facts, unexplained, to infer that the assignment of the bills receivable was both made and received with intent to defraud the creditors of the assignor. The facts carefully weighed and considered would sustain that conclusion. It is not necessary that they shall certainly require it to be drawn, but that they will sustain it by close and careful scrutiny as a fair and rational result. And as the proffered evidence was sufficient for that object, a dismissal of the complaint, without considering the effect which, as a matter of fact, could be given to the offered proof, was erroneous.

The question arising does not depend upon chapter 503 of the Laws of 1887 forbidding preferences of more than one-third of the assets of an insolvent debtor. To present a case under that act, the other assignees, and the plaintiffs in the confessed judgment, should have been made parties, for without them the court would not be at liberty to consider and decide whether this act had been violated. That was not the plaintiffs' case, but it was that the assignment of the bills payable was fraudulent, and that is all there was of the plaintiffs' action; upon that they were entitled to have their proofs received and deliberated upon by the court to ascertain whether this alleged fraud had been maintained.

That was not done, and the judgment should be reversed and a new trial ordered, with costs to the plaintiffs to abide the result.

Van Brunt, P. J., and Lawrence J., concurred.

Judgment reversed and new trial ordered, with costs to plaintiffs to abide event.