JAMES MacNAUGHTON, on Behalf of Himself and Others, Appellant, *v.* RALPH R. OSGOOD et al., Respondents.

The record on appeal in an equity action showed that the action was brought to trial at a circuit before a jury; that at the close of the evidence defendants' counsel moved to dismiss the complaint and plaintiff asked to go to the jury upon certain questions of fact. Plaintiff's motion was denied, the complaint dismissed and exceptions ordered to be heard in the first instance at General Term. At General Term an order was entered overruling the exceptions and denying plaintiff's motion for a new trial, and a judgment was then entered which recited the trial, the direction for the dismissal of the complaint, the exceptions thereto, the order that they be heard in the first instance at General Term, the motion for a new trial and the decision of the General Term thereon, and adjudged that the complaint be dismissed with costs and disbursements. Plaintiff appealed to this court, stating in his notice of appeal that he intended to bring up for review the order of the General Term denying the motion for a new trial. *Held*, that the record presented no question for review upon the merits; that, regarding the proceeding as a trial by the court, no decision was made as required by the Code of Civil Procedure; that there was no authority to direct exceptions in a case triable by the court to be heard in the first instance at the General Term, that proceeding being limited to a case triable by a jury. (§ 1000.)

A motion for a new trial, except in the cases specified in sections 999, 1000 and 1001 of said Code, must, in the first instance, be made at Special Term.

In an equity action the complaint cannot be dismissed on a trial of questions of fact by the jury. A verdict must be rendered upon all the questions submitted and the case afterwards brought to a hearing before the court the same as if there had been no verdict.

(Argued June 10, 1889; decided June 18, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 20, 1886, which affirmed a judgment in favor of

defendants, and ordered the exceptions to be heard in the first instance at the General Term.

The nature of the action and the facts are sufficiently stated in the opinion.

*George L. Stedman* for appellant.

*Esek Cowen* for respondents. This was an action in equity, and was properly decided by the court as to the facts as well as the law, and no error was or could be committed by the trial court in refusing the plaintiff leave to go to the jury upon the facts. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Carroll* v. *Deimel*, 95 id. 252.) The exception of the defendant to the ruling of the court, dismissing the complaint, was not well taken, and can present no question for the decision of this court, except, perhaps, the question whether or not the plaintiff had an absolute and undisputable right to the relief demanded in the complaint, or some part of it. (*Bishop* v. *Empire T. Co.*, 37 N. Y. Supr. Ct. 12.)

*George Richards* for trustees, respondents. The court was not in error in denying the plaintiff's motion, made for the first time at the trial, to go to the jury upon the questions of fact. (Code, §§ 970, 971; *O'Neill* v. *James*, 43 N. Y. 84; *Winchell* v. *Hicks*, 18 id. 558; *Muller* v. *McKesson*, 73 id. 198; 95 id. 252.) The framing of issues of fact in equity causes is a discretionary matter, and a refusal is not the subject of an appeal. (*Wright* v. *Nostrand*, 94 N. Y. 31.) In equity causes, if substantial justice has been done, a reversal or a new hearing will not be granted. (*Matter of N. Y. C. R. R. Co.*, 90 N. Y. 342.) As plaintiff preferred no request to the trial justice to make any findings of fact or conclusions of law, and if there were any omission or irregularity in that regard, it would not be chargeable to the respondents. (*Grant* v. *Morse*, 22 N. Y. 325; *Woodhull* v. *Rosenthal*, 61 id. 390, 391; 46 id. 259; 48 id. 365; 54 id. 217.) Though in form the prayer of a complaint may show an action purely equitable, the parties, notwithstanding, may try it at a circuit before a jury, and be

bound by the rules of practice applicable to such a trial. (*Smith* v. *Osborn*, 45 How. 351.) Though the case cannot legally be tried by a jury, if the parties proceed to trial before a jury, the cause will, as a matter of practice, be regarded as properly a jury case. (*Enos* v. *Dayharsh*, 5 N. Y. 531.) Parties may waive the right to a jury trial. (Code, § 1000.) An exception to a dismissal of the complaint, as well as the other exceptions, may be ordered to be so heard by the General Term. (*Lake* v. *Artisans' Bk.*, 3 Abb. [N. S.] 209 ; *S. C.*, 3 Keyes, 276.) Such an order has been held not to be appealable. (*Beattie* v. *Niagara Sav. Bk.*, 41 How. 138.)

*Dickinson W. Richards* for The Osgood Dredge Company, respondent.

Brown, J. This action was brought by the plaintiff to obtain a judgment restraining the defendants, who are officers of the Osgood Dredge Company, from paying to themselves salaries, voted to themselves, and to compel them to refund to the corporation, amounts paid as salaries before the commencement of the action. After setting forth the facts which it is claimed give rise to the cause of action, the complaint demands judgment as follows : " Wherefore the plaintiff demands judgment that the defendant Osgood, Howe and Blessing, and each of them, be enjoined and restrained from paying to the said Howe $400 per month as salary, to the said Osgood $200 per month as salary, and that the said Howe and Osgood, respectively, repay to the said Osgood Dredge Company the moneys already received by them ; * * * and that the acts of said trustees fixing the salaries of said Osgood and Howe be declared fraudulent and in violation of their duties, and for such other and further relief as may be just and proper." The defendants all answered. The record before the court shows that the action was bought to trial at the circuit in the city of Albany January 22, 1880. At the close of the testimony the defendants' counsel moved to dismiss the complaint, and the plaintiff asked to go to the jury upon certain questions of fact. The latter motion was denied and the complaint dismissed, to all of

which plaintiff excepted. The court then ordered the excep-
tions to be heard in the first instance at the General Term,
and stayed proceedings meanwhile. The case was heard at
General Term and decided in May 1886, by which decision
the exceptions were overruled and the plaintiff's motion for a
new trial was denied, and an order entered accordingly. A
judgment then appears to have been entered, which recites
the trial, the direction for the dismissal of the complaint, and
the exceptions thereto, the order that the exceptions be heard
in the first instance at the General Term, the motion for a new
trial upon such exceptions and the decision thereon of the
General Term, and adjudges that the complaint be dismissed
and that the defendants recover of the plaintiff the costs and
disbursements. From the judgment so entered the plaintiff
appealed to this court specifying in his notice of appeal his
intention to bring up for review the order of the General Term
denying the motion for a new trial.

The action was one triable by the court, and neither party
was entitled to a trial by a jury. (Code of Civ. Pro. §§ 968,
969.) Questions of fact arising upon the issues might, however,
have been directed by the court to be tried by a jury. (§ 971.)
The determination of the jury upon such questions is not,
however, controlling on the court upon the facts involved in
the issue.

Prior to the Code the practice was to award a feigned issue
and take the verdict of a jury thereon to aid the chancellor;
and, though differing in form under the Code, the practice is
substantially the same. (*Vermilyea* v. *Palmer*, 52 N. Y. 471.)
For like purposes issues may be framed and sent to the circuit
for trial by a jury, and the court, upon further hearing of the
case, may adopt the findings of the jury upon the facts or may
modify or reject them altogether. The action must be brought
to a hearing before the court, and the court's decision must be
made in writing in the same manner as if there had been no
verdict of the jury on the issues. (*Acker* v. *Leland*, 109
N. Y. 5; *Carroll* v. *Deimel*, 95 id. 252.)

For the purpose of a review upon the merits there must be a decision in writing, in which the facts found and the conclusion of law must be separately stated, and such decision must direct judgment to be entered thereupon. (Code, § 1022.) And appropriate exceptions must be taken to such conclusion of the court in the manner provided by statute. (§ 994.) In this case the record before us does not present any question for review upon the merits. No question of fact was directed to be tried by a jury and none was submitted to the jury that was impanneled at the circuit. If we regard that proceeding as a trial by the court, no decision has ever been made in the manner directed by the Code. There was no authority to direct exceptions in a case triable by the court to be heard in the first instance at the General Term. That proceeding is limited to a case triable by a jury. (§ 1000.)

A motion for a new trial, except in the cases specified in sections 999, 1000 and 1001 of the Code, must, in the first instance, be made at the Special Term. And in an equity action the complaint cannot be dismissed on a trial of questions of fact by the jury. A verdict must be rendered upon all the questions submitted and the case afterwards determined by the court. (*Moore* v. *Met. Nat. Bk.*, 55 N. Y. 41; *Birdsall* v. *Patterson*, 51 id. 43.) The proceedings contained in the record were, therefore, irregular and unauthorized. There has been no trial in the manner provided by law, and no decision appears in the case; and there is nothing to support the judgment appealed from, and no question upon the merits of the case is before this court.

The judgment should be reversed, without costs, with leave to the parties to proceed *de novo* at the Special Term in such manner as they shall be advised.

All concur, except Parker, J., not sitting.

Judgment accordingly.