ROUSSEAU *v.* BLEAU *et al.*

(*Supreme Court, General Term, Third Department.* February 4, 1890.)

1. TRIAL BY COURT—FINDINGS—JUDGMENT OF DISMISSAL.
   At a trial before it, the court dismissed the complaint on its merits at the close of plaintiff's testimony, and judgment, signed by the clerk, was afterwards entered. *Held*, that this was a sufficient compliance with Code Civil Proc. N. Y. § 1022, providing that the decision of the court, on the trial of the whole issue of fact, must state separately the facts found, and the conclusions of law, and it must direct the judgment to be entered thereupon.

2. FRAUDULENT CONVEYANCES—ACTIONS BY ADMINISTRATORS TO SET ASIDE.
   Shortly before her death, and in apprehension thereof, an owner of real estate executed a conveyance of it without any actual consideration, and left it with an attorney for delivery to the grantee after her death. Possession of the property was retained by the grantor until her death, when the deed was recorded. *Held*, that her administrator properly brought suit, under Laws N. Y. 1858, c. 314, to set aside the conveyance for the benefit of her creditors existing before and after its execution, the assets of the estate being insufficient to pay their claims.

3. SAME—RIGHTS OF GRANTEE.
   In such case, the defendant's title is valid, except to the extent necessary to satisfy the creditors, and the judgment should provide that defendant be allowed full opportunity to contest all claims not determined in the action.

Appeal from circuit court, Rensselaer county.

The action was brought under chapter 314 of the Laws of 1858, by the plaintiff, as administrator, etc, of Mary Rousseau, deceased, the complaint alleging that the deceased, at the time of her death, was indebted to Elizabeth Rousseau in the sum of $528, which is due and unpaid to said Elizabeth, and that at the time of her death she was indebted to other persons in

amounts which are due and unpaid to them; that as administrator the plain-
tiff has taken possession of the personal property of which the intestate died
possessed, and that it does not exceed $50 in value; that the deceased was
prior and up to March 6, 1888, the owner of a house and lot in the city of Troy
of the value of $4,000, over and above incumbrances; that she was sick with
a cancer, and apprehending death therefrom; that with the intent to cheat
and defraud her creditors then existing, and intending then to contract
further indebtedness, and to cheat and defraud all creditors which she might
have at the time of her death, she executed a conveyance, without any actual
consideration, of the said house and lot to the defendant Jennie Bleau, which
deed was afterwards delivered to said defendant, but the said deceased re-
tained possession of said house and lot until her death, which occurred October
28, 1888; that the said deed was recorded October 30, 1888. Judgment is de-
manded that the said deed be set aside as fraudulent against the creditors of
Mary Rousseau, and this plaintiff, as her administrator; and that the real es-
tate may be sold by the order of this court, or by proceedings in the surrogate's
court, and the proceeds applied, in due course of administration, to the pay-
ment of the debts of the deceased. The defendant Jennie Bleau answered,
denying fraud; alleging validity of the deed to her; and denying the validity
of the claim of Elizabeth Rousseau. The case came on for trial at the Rens-
selaer circuit. No issues had been settled. A jury was impaneled to decide
such issues of fact as the presiding judge should deem proper to submit to
them.

Testimony was given tending to establish all the material allegations of the
complaint. It appeared that the deed was delivered to the defendant after the
death of Mary Rousseau by the attorney with whom she had left it for that
purpose; that an inventory had been filed showing assets to the amount of
$61; that no advertisement had been had for claims against the estate, and
no accounting before the surrogate. Upon the close of the plaintiff's testi-
mony, the court nonsuited the plaintiff, and judgment was thereupon entered
dismissing the complaint on the merits, with costs. The plaintiff appeals.
Code Civil Proc. N. Y. § 1022, provides that the decision of the court or the
referee, upon the trial of the whole issue of fact, must state separately the
facts found, and the conclusions of law, and it must direct the judgment to
be entered thereupon.

Argued before LEARNED, P. J., and FISH and PUTNAM, JJ.

*H. D. Bailey,* for appellant. *John T. Norton,* for respondents.

LANDON, J. The practice in this case has long prevailed in the third de-
partment, and it ought to be upheld, unless we are required by *MacNaughton*
v. *Osgood,* 114 N. Y. 574, 21 N. E. Rep. 1044, to declare it improper. The
practice, in brief, is this: Equity cases are placed upon the circuit calendar.
No issues are previously settled. The case is brought to trial before the
court. A jury is impaneled, with the understanding that if the court, after
the testimony is given, desires to submit any issues to them, the court will
frame them then and there in the form of questions, and submit them to the
jury for decision. The jury, having heard the arguments of counsel and
the charge of the court, render a verdict by answering the questions sub-
mitted. The court then approves or disapproves of them. If the court dis-
approve, it finds the fact in accordance with its own judgment, and finds
upon the other issues in the case, and thereupon decides the whole case,
making the decision in writing, covering the material issues. In the case
before us the record recites that at the close of the plaintiff's testimony the
defendant's counsel moved for a nonsuit, taking the usual ground that, as-
suming all the inferences of fact in the plaintiff's favor, he had made out
no case. The court concurred and directed that the complaint be dismissed
upon the merits, with costs, and judgment, signed by the clerk, was after-

wards entered. In the case cited the practice differed from that here pursued, in that the trial court dismissed the complaint upon the close of the testimony, and then directed that the exceptions be heard in the first instance at the general term. The court of appeals, second division, held that such a direction as to the exceptions could only be made in cases triable by a jury. The direction that the exceptions be heard in the first instance at the general term prevented the entry of judgment until the decision of the general term was made, and, of course, prevented a decision directing judgment by the trial term. When the case came to the court of appeals, it had no decision of the trial court directing judgment, and no judgment of that court. The practice pursued in the present case was substantially in accord with that approved in *Acker* v. *Leland*, 109 N. Y. 5, 15 N. E. Rep. 743, except that no findings of fact or of law are signed by the court, unless the judgment signed by the clerk be considered such. The signature of the clerk is the signature of the court. The judgment is equivalent to a finding of fact by the court that the testimony adduced by the plaintiff did not, taken in the aspect most favorable to him, establish the case alleged in his complaint. It is also a finding that the court did elect not to submit any question to the jury. The direction for judgment finds that on the merits the plaintiff is not entitled to recover. If the court had awarded affirmative relief, it would have been proper to have made a decision setting forth the facts, from which the direction of judgment would follow as the necessary legal conclusion. But the necessity for setting forth findings of inconsequent facts, and then formally finding as a conclusion of law that they are inconsequent, is not so obvious. We think the judgment signed by the clerk, in a case in which the result is a dismissal of the complaint upon the merits, a sufficient compliance with section 1022. The case of *MacNaughton* v. *Osgood* does not hold otherwise. There is no difficulty in reviewing upon appeal such a case.

The court dismissed the complaint upon the supposed authority of *Harvey* v. *McDonnell*, 1 N. Y. Supp. 83. That case has since been reversed. 113 N. Y. 526, 21 N. E. Rep. 695. It is held in that case that a general creditor of an intestate may, under chapter 314, Laws 1858, where the administrator refuses to disaffirm a transfer made by the intestate to defraud creditors, and where the assets in the hands of the administrator are insufficient to pay the debts of the intestate, himself bring an action for his own benefit, and that of the other creditors, to reclaim the property, making the administrator a party. The supposed difficulty in that case was that the general creditor, in the absence of judgment and execution, had no equity, because he had not shown that he had exhausted his legal remedies. The court of appeals held that the act of 1858 dispensed with a resort to judgment and execution in the cases embraced in it. Here the administrator, not the creditor, proceeds. He recognizes the validity of the claims set forth in the complaint, alleges the inadequacy of assets, the fraudulent transfer by his intestate, and asks to set it aside for the benefit of the creditors. The statute confers upon him the power, and, if the facts are as he alleges, it is his duty to proceed. We think the evidence was sufficient to put the defendant upon her defense.

The defendant's title to the real estate in question is, in any event, valid against the administrator, except to the extent necessary to satisfy the creditors of the intestate. If upon a new trial the plaintiff should recover, this court could take to itself the administration of the fund realized from the real estate; but we incline to the opinion that it would be wiser to adjudge that the defendant's title is invalid against the claims of the creditors of the intestate, including such costs as may be awarded the plaintiff, and against such proceedings as may be taken in the due course of administration in the surrogate's court for the sale or mortgage of the property, and against the title thus granted. The judgment should provide that the defendant be allowed full

opportunity to contest all claims not determined in this action. Judgment reversed, new trial granted, costs to abide the event.

FISH, J., concurs.

LEARNED, P. J., (*concurring.*) Section 1, c. 314, Laws 1858, gave the right to executors, etc., "or other trustee of an estate * * * for the benefit of creditors, or others interested in the estate. or property so held in trust;" to set aside a transfer in fraud of the rights of any creditor "interested in any estate or property held by or of right belonging to any such trustee." I am unable to see that executors or administrators hold the real estate of the deceased in trust, or that such real estate by right belongs to such executors or administrators. I have supposed that the real estate of the deceased passed to heirs or devisees; and since the authority given by that statute is limited to the persons who hold the property in trust, and to the property which is so held, I do not understand where the authority of an administrator to set aside a fraudulent conveyance of land is to be found. If a debtor had assigned certain personal property, or all his personal property, to an assignee in trust for creditors, I cannot see how, under this statute, such an assignee could maintain an action to set aside a previous fraudulent conveyance of land by the debtor. The condition of an administrator is analogous. This view is strengthened by the amendment of chapter 487, Laws 1889, which, leaving the language of the former statute untouched, authorizes the creditor of a deceased insolvent debtor, without having recovered a judgment, to maintain an action to set aside all transfers, etc., made in fraud of the right. of any creditor. This additional clause is not limited to the property or estate "held in trust" by the administrator, but is general in its terms. Still there are words used in *Lichtenberg* v. *Herdtfelder*, 103 N. Y. 302, 8 N. E. Rep. 526, and in *Harvey* v. *McDonnell*, 113 N. Y. 526, 21 N. E. Rep. 695, which indicate that the court, without referring to the language of the statute, has assumed that the administrator might maintain an action to set aside a conveyance of land. Such a construction seems unnecessary, since the rights of simple contract creditors have been secured by the amendment of 1889. But I feel bound by the *dicta* in those opinions; and I therefore concur in the opinion of Judge LANDON.