JOHN McCLAVE, Respondent, v. JOHN GIBB, Appellant.

1. EQUITY — TRIAL OF SPECIAL ISSUES BY JURY. The trial of special issues before a jury in an equity action, in which the parties are not entitled as of right to a trial by jury, does not constitute a step in the trial of the action, but the verdict, while not conclusive upon the determination of the trial judge, is in the nature of evidence for his information.

2. VERDICT ON SPECIAL ISSUES AS EVIDENCE ON NEW TRIAL. Where the General Term orders a new trial of an equity action, in which the parties are not entitled as of right to a jury trial but in which special issues have been tried by a jury, without vacating the order settling the issues or the verdict thereon, the trial court has the right to receive in evidence upon the new trial the evidence taken before the jury and its verdict.

*McClave* v. *Gibb*, 15 Misc. Rep. 688, affirmed.

(Argued December 6, 1898; decided December 16, 1898.)

APPEAL, by permission, from a judgment of the General Term of the late Superior Court of the city of New York, entered December 26, 1895, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term, and from an order affirming an order denying a motion to set aside a verdict, previously rendered by a jury, upon certain issues framed for submission to them.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William B. Ellison* for appellant. It was error to receive or consider upon the new trial the evidence and proceedings taken at the prior trial. (Code Civ. Pro. § 830 ; *M. L. I. Co.* v. *N. B. & L. Co.*, 19 N. Y. S. R. 38 ; *R. Co.* v. *Strong*, 2 Hilt. 52 ; *Wallace* v. *Berdell*, 105 N. Y. 7 ; 16 Am. & Eng. Ency. of Law, 674, 677 ; 2 Rumsey's Pr. 423 ; Hilliard's N. T. 74 ; 22 Am. Law Rev. 419 ; *Edwards* v. *Edwards*, 22 Ill. 121 ; *Hedden* v. *Jordan*, 28 Cal. 301 ; *People* v. *Palmer*, 109 N. Y. 413–420 ; *Wolstenholme* v. *Wolstenholme F. M. Co.*, 64 N. Y. 272 ; *Board of Underwriters* v. *Nat. Bank*, 146 N. Y. 64 ; *Altman* v. *Hofeller*, 152 N. Y. 498.) The non-perform-

ance of the conditions precedent of the policies was in issue. (*Schnitzer* v. *Gordon*, 28 App. Div. 341; *Armstrong* v. *Danahy*, 75 Hun, 405; *Hincken* v. *M. B. L. Ins. Co.*, 6 Lans. 21–24; *Elton* v. *Markham*, 20 Barb. 343–347; *Pfaud-ler P. F. Co.* v. *McPherson*, 20 N. Y. S. R. 473; *Parker* v. *Tillinghast*, 1 N. Y. S. R. 296; *McClave* v. *Gibb*, 63 N. Y. S. R. 455; *Stuber* v. *McEntee*, 142 N. Y. 200–206.) It was error to deny the defendant's motion to dismiss on the ground of the non-performance of the conditions precedent. (*Quinlan* v. *P. W. Ins. Co.*, 39 N. Y. S. R. 820; *Brown* v. *L. A. Co.*, 40 Hun, 101; *R. Ins. Co.* v. *Burwell*, 44 Ind. 460; *Trask* v. *S. F. & M. Ins. Co.*, 29 Penn. 198; *Edwards* v. *Ins. Co.*, 75 Penn. 378; *La Force* v. *W. C. Ins. Co.*, 43 Mo. App. 518; *Whitehurst* v. *N. C. M. Ins. Co.*, 7 Jones [N. C.], 433.) The plaintiff cannot recover on the theory of a waiver of the conditions precedent of the policies where, as here, the complaint alleges actual performance. (*Weeks* v. *O'Brien*, 141 N. Y. 199; Abb. Tr. Ev. 727; *Oakley* v. *Morton*, 11 N. Y. 25; *Garvey* v. *Fowler*, 4 Sandf. 665; *Hill* v. *L. A. Corpn.*, 30 N. Y. S. R. 539; *Moore* v. *H. Ins. Co.*, 141 N. Y. 219; *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5; *Marvin* v. *U. L. Ins. Co.*, 85 N. Y. 278; *Messelback* v. *Norman*, 122 N. Y. 578; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356; *Baumgartel* v. *P. W. Ins. Co.*, 136 N. Y. 547; *Brown* v. *L. A. Corpn.*, 40 Hun, 101; *R. Ins. Co.* v. *Burwell*, 44 Ind. 460.) The rulings of the trial court are before this court for review. (*Bowen* v. *Becht*, 35 Hun, 434; *Chapin* v. *Thompson*, 23 Hun, 12; 80 N. Y. 275; *Anderson* v. *Carter*, 24 App. Div. 462–469; Baylies' Tr. Pr. 271.) It was error to admit evidence of the cost of the building in question. (*Beach* v. *R. & D. B. R. R. Co.*, 37 N. Y. 457–470.) It was error to include the damage caused by water. (*Beakes* v. *P. Ins. Co.*, 143 N. Y. 402; *C. Ins. Co.* v. *U. C. Co.*, 133 U. S. 387.) It was error for the court to refuse to instruct the jury that they should not award damages for the injury done the frame annex to the office building. (*Chase* v. *H. Ins. Co.*, 20 N. Y. 52; *Bryce* v. *L. F. Ins. Co.*, 55 N. Y. 240; Biddle on Ins.

607; May on Ins. 260; *Alexander* v. *G. F. Ins. Co.,* 66 N. Y. 464.)

*H. B. Closson* and *Edward M. Shepard* for respondent. The appellant's objection to the reception in evidence upon the trial at the Equity Term of the verdict of the jury and the testimony upon which it proceeded upon the issues framed for submission to them is untenable. (*Anderson* v. *Carter,* 24 App. Div. 462; *Van Alst* v. *Hunter,* 5 Johns. Ch. 148; *Prudden* v. *Lindsley,* 29 N. J. Eq. 615; 2 Beach's Mod. Eq. Pr. § 666.) The finding of the jury that the appraiser nominated by the defendant was not disinterested, adopted by the two successive chancellors, and the additional findings made by each of them that upon the appraisement this appraiser did not seek to obtain an award which should represent the actual and honest loss sustained by the plaintiff, but acted in a way that was biased to the defendant and intended to be for his interest, are all amply supported by the evidence, and sufficient of themselves to invalidate the award. (*Bradshaw* v. *A. Ins. Co.,* 137 N. Y. 137; Morse on Arb. 100, 106, 107.) The facts constituting the other grounds on which the award was set aside — its gross inadequacy, $2,185 for a loss of at least $5,000; the failure to afford the plaintiff an opportunity to inform the appraisers what it was that. the fire had consumed and they were supposed to be valuing; their deliberate refusal to hear the evidence as to the $1,000 switchboard or to make any allowance for it in their award — justified setting it aside. (*Linde* v. *R. F. Ins. Co.,* 18 J. & S. 362; *Matter of Martin,* 1 How. Pr. [N. S.] 28; 1 Am. & Eng. Ency. of Law, 680, note; *Strome* v. *L. A. Corp.,* 20 App. Div. 571; *Van Cortlandt* v. *Underhill,* 17 Johns. 405; *Halstead* v. *Seaman,* 82 N. Y. 27; *Jonas* v. *Welwood,* 71 N. Y. 208; Morse on Arb. 345, 346; *Smith* v. *Cooley,* 5 Daly, 401.) The award was void for the further reason that it was in excess of the authority of the arbitrators. (*Rosenwald* v. *P. Ins. Co.,* 50 Hun, 172; *Yendel* v. *W. A. Co.,* 21 Misc. Rep. 348; *Lang* v. *E. F. Ins. Co.,* 12 App. Div. 39; *Dodds* v. *Hakes,* 114 N.

Y. 260; Morse on Arb. 211.) The due service by the plaintiff of notice of loss, and of the proofs of loss, was not at issue under the pleadings. (*McClave* v. *Gibb*, 11 Misc. Rep. 44; *Stuber* v. *McEntee*, 142 N. Y. 200; *Kay* v. *Whittaker*, 44 N. Y. 565; *Dimon* v. *Dunn*, 15 N. Y. 498; Abb. Tr. Brief on the Pleadings, § 590; *Kahnweiler* v. *P. Ins. Co.*, 67 Fed. Rep. 483; *Schneider* v. *A. I. M. Co.*, 77 Fed. Rep. 138.) But granting that the answer formally denied the due service of notice of loss, the defense was properly and conclusively answered by the proof that the defendant was estopped from making such a denial, or taking any benefit to itself from such a denial if inserted in its answer. (*Brink* v. *H. F. Ins. Co.*, 80 N. Y. 108; *Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 394; *L. Ins. Co.* v. *Schraffler*, 42 Penn. St. 188; *Underhill* v. *Ins. Co.*, 6 Cush. 440; *Clark* v. *Ins. Co.*, 6 Cush. 342; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 480; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410; *Rademacher* v. *G. Ins. Co.*, 75 Hun, 83.) The plaintiff was entitled under the pleadings to the full benefit of this evidence of estoppel; and in the face of it it would have been error to grant the defendant's motion to dismiss the complaint upon the ground that performance of these conditions of the policy had not been proved. (*Bernheim* v. *Daggett*, 12 Abb. N. C. 316; *Tyng* v. *C. W. Co.*, 58 N. Y. 308; *Bryan* v. *Baldwin*, 52 N. Y. 232; *Case* v. *Pharis*, 106 N. Y. 114; *Knapp* v. *Simon*, 96 N. Y. 284; *McKnight* v. *Devlin*, 52 N. Y. 399; *Peck* v. *Goodberlett*, 109 N. Y. 180; *Cowing* v. *Altman*, 79 N. Y. 167; *Colrick* v. *Swinburne*, 105 N. Y. 503.) The motion for a nonsuit on the ground that the property was "misdescribed as a brick building when in fact it was a brick and frame building," and that in consequence "there was a breach of warranty on the part of plaintiff," was properly denied. (Richards on Ins. § 129; *Rosenwald* v. *P. Ins. Co.*, 50 Hun, 172; *Kratzenstein* v. *W. Assur. Co.*, 116 N. Y. 54; *Van Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 434; *Woodruff* v. *I. F. Ins. Co.*, 83 N. Y. 133; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Doughty* v. *Hope*, 3 Den. 594;

*Hamilton* v. *Eno*, 81 N. Y. 116, 127.) The objection raised by the motion to nonsuit and in various ways upon the jury trial, that the defendants were not liable for the damage caused by the water used in extinguishing the fire, is as baseless as it is novel. (*C. F. Ins. Co.* v. *Corlies*, 21 Wend. 367; 7 Am. & Eng. Ency. of Law, 1042.) None of the exceptions taken upon the jury trial of the special issues, whether to rulings of the court upon offers of evidence, or in charging the jury, are before this court for review. (Code Civ. Pro. § 1003; *Anderson* v. *Carter*, 24 App. Div. 462.) Even if the motion to set aside the verdict of the jury had been regularly made, the question presented to this court would be, not whether the exceptions, were the action one at law, would require the setting aside of the verdict, but whether upon the whole case the General Term was wrong in considering the chancellor to have been justified in refusing to hold the plaintiff bound by the award of the appraisers and in allowing him to recover $5,000 as his actual loss. (*Johnson* v. *Harmon*, 94 U. S. 371; *Forrest* v. *Forrest*, 25 N. Y. 501, 509; *De St. Laurent* v. *Slater*, 23 App. Div. 70; *Anderson* v. *Carter*, 24 App. Div. 462; *Wilson* v. *Riddle*, 123 U. S. 608.) Even were they before the court for consideration, the exceptions taken by the defendant upon the jury trial disclose no error. (*Hawver* v. *Bell*, 141 N. Y. 140; *Van Cortlandt* v. *Underhill*, 17 Johns. 405, 412.)

Haight, J. This action was brought to set aside the award of appraisers appointed under two policies of insurance to fix the amount of plaintiff's damage by fire, and to recover the amount of his actual damage. The defendant is one of forty persons engaged in the fire insurance business under the name of the American Lloyds. The plaintiff is the holder of two policies issued upon the premises known as numbers 602 to 610 West Twenty-second street, in the city of New York, which were destroyed by fire on the 12th day of April, 1893. The award of the appraisers was attacked upon various grounds, among which were the charges that the appraiser nominated by the insurer was not disinterested; that the

53

appraisers gave the plaintiff no notice of the time or place of making the appraisement; that they gave him no opportunity to offer evidence or to make representations relative to the nature of the property destroyed; that they refused to consider competent evidence of the nature and value of the property destroyed, and that the award was grossly inadequate. After the joining of issue, an order was made by the Special Term settling the issues, and directing that they be tried by a jury. The issues so settled were: *First.* " Was the appraiser selected by the defendant disinterested? *Second.* What was the amount of the loss and damage caused by the fire of April 12, 1893, to the property of the plaintiff described in the complaint? " A trial was had at a Trial Term of the court before a jury; and upon such trial the jury answered the first question in the negative, and to the second question the answer was $5,000. A motion for a new trial was then made upon the grounds stated in section 999 of the Code, and denied. Thereupon, the parties submitted to the judge who presided at the trial by the jury the evidence taken upon that trial, with the verdict of the jury, with the understanding that the case should be disposed of by him at the next Special Term to be held by him, upon briefs of counsel which were to be then submitted. At a subsequent date, while sitting at Special Term, the judge rendered a decision containing findings of fact and conclusions of law, in which he found as facts that the defendant's appraiser was not disinterested and that the damages sustained were $5,000, as found by the jury, and as a conclusion of law that the award should be set aside and held for nought, but he also found that the plaintiff was bound upon the occurrence of the fire to give immediate notice of the loss caused thereby; that he was bound to make a complete inventory of the property, stating the quantity and cost of each article destroyed and the amount claimed thereon, as conditions precedent to the commencement of the action, which had not been done, and that the plaintiff was not entitled to maintain the action until the expiration of sixty days after the defendant and his

associates had received satisfactory proofs of loss. He con-
cluded by ordering judgment for the defendant dismissing the
plaintiff's complaint. In the judgment entered upon this
decision it was adjudged and decreed that the award be set
aside, and that the complaint be dismissed, but without costs.
An appeal was then taken to the General Term from so much
of the judgment as decreed the dismissal of the complaint.
Upon the case being heard in the General Term, that court
ordered that so much of the judgment as decrees that the com-
plaint be dismissed, be reversed and a new trial was ordered, with
costs to the appellant to abide the event. The case was then
subsequently moved for a retrial at an Equity Term of the
court, and the plaintiff thereupon produced and offered in
evidence the order settling issues, the evidence taken upon
the trial before the jury, the verdict and the order denying
defendant's motion for a new trial, and the stipulation of the
parties made upon the rendition of the verdict, to the effect
that the case be submitted to the judge presiding at that trial,
to be disposed of by him at the next Special Term at which
he was to preside, and rested. This was received by the trial
court under the objection and exception of the defendant.
The defendant then offered in evidence the order granting a
new trial, and then moved to dismiss the complaint upon
various grounds, which it is not necessary here to refer to in
detail, but which presented the question contended for by him,
that the plaintiff had failed to present any evidence to sustain
the allegations of his complaint. The motion was denied and
an exception was taken.

The question is thus fully and fairly presented whether the
order of the General Term granting a new trial nullifies the
verdict rendered upon the issue formed so as to preclude the
court upon the retrial from making use of it. In the exami-
nation of the cases made by us, none have been found in
which the question here presented has been considered. The
appellant called our attention to numerous authorities which,
in effect, hold that the granting of a new trial without quali-
fication sends the case back for a trial upon all of the issues

raised by the pleadings, and this, we think, must be considered to be the effect of the order. It is contended, however, that the proceedings had upon the issue before the jury, and its verdict, is no part of the trial; and that inasmuch as the General Term has not, by its order, vacated the verdict or set aside the order settling issues, that those proceedings stand unimpaired and in full force.

Where a party is entitled by the Constitution, or by express provisions of law, to a trial by jury, of one or more issues of fact, the finding of the jury is conclusive in the action, unless the verdict is set aside or a new trial is granted; but where the party is not entitled, as of right, to a trial by jury, the verdict is not conclusive upon the parties and the trial court may adopt it, modify it or disregard it and find the facts anew. In the latter class of cases the verdict is treated as an aid to the court to inform its conscience, but it is in no wise bound thereby, for the responsibility of determining the facts rests upon the trial judge, and our Code has not changed the rule in this respect. (Code Civ. Pro. §§ 970, 971; *MacNaughton* v. *Osgood*, 114 N. Y. 574; *Learned* v. *Tillotson*, 97 N. Y. 1, 6; *Jackson* v. *Andrews*, 59 N. Y. 244; *Colie* v. *Tifft*, 47 N. Y. 119; *Wilson* v. *Riddle*, 123 U. S. 608; *Van Alst* v. *Hunter*, 5 Johns. Ch. 148.)

In the case of *Vermilyea* v. *Palmer* (52 N. Y. 471), Church, Ch. J., in delivering the opinion of the court, says: "The order for trial by jury of a specific question of fact, authorized by section 72, was borrowed from the chancery practice, and in terms is introduced as a substitute for the proceeding by feigned issue. * * * There are but three modes of trial prescribed by the Code, and they embrace every possible civil action, viz., by jury, by the court and by referees. * * * A trial is defined to be the judicial examination of the issues (not a portion of them) between the parties. * * * A jury trial under the Code is only where the jury determines the whole issue by a general verdict, with or without special findings, or by a special finding embracing all the facts. It follows that when a specific question of fact only is ordered to

be tried by a jury it is not a trial of the issue by jury. It is not, of course, a trial by referees, but it is a trial by the court. The Code declares, in legal effect, that every issue not tried by a jury or referees must be tried by the court. It is said that the questions sent out to the jury may be controlling, and that the judgment is rendered upon such finding, and that section 267, requiring a statement by the court of facts found and conclusions of law separately is not applicable. This, I think, is a mistake. The facts found by the jury may or not be controlling in deciding the case; but whether they are or not, they must be approved by the court before they are made the basis of a judgment, and, if approved, they become, by adoption, the findings of the court."

In *Birdsall* v. *Patterson* (51 N. Y. 43) it is said in the opinion, with reference to issues ordered to be tried before a jury, that "These issues, like feigned issues under the old chancery practice, were ordered to be tried, so that the court could have the findings of the jury upon the final hearing of the whole case for the information of its conscience. * * * After the trial of the issues ordered to be tried by a jury in such a case, the cause is required to be brought to trial or hearing regularly at the Special Term. Then, if proof is necessary to establish facts not admitted in the pleadings or found by the jury, such proof must be given. If such proof is unnecessary, then, upon the facts admitted and found, the court, using the findings of the jury for the information of its conscience, finds the facts and decides the law substantially as it would if all the issues had been regularly tried before it, and exceptions may be taken just as if none of the issues had been tried before the jury, but the whole case had been tried before the court without the intervention of a jury."

In *Acker* v. *Leland* (109 N. Y. 5), GRAY, J., in delivering the opinion of the court, quotes, with approval, from *Learned* v. *Tillotson* (*supra*) the following: "The Code of Procedure did not change the rule, but left the verdict of the jury as evidence only and not a determination of the issue."

It is claimed that the trial of special issues before a jury in

an equity case constitutes a step in the trial. It is no more so than the taking of evidence upon a commission. It is not a trial where the issues of fact or of law are finally determined. Those questions, as we have seen, must be determined by the trial court, the judge making use of the evidence taken before the jury, or upon commission, together with the findings of the jury, to inform his conscience as to the facts. In this respect, where a trial by jury is not required by the Constitution or by express provisions of statute, the verdict is treated as evidence in the case, having no binding force or other effect upon the determination of the trial judge The Code provides for a review of the determination of the jury of issues formed in equity cases. If the finding is wrong, it may be set aside and a new trial ordered. In the case under consideration the parties were not entitled to a trial by jury as a matter of right under the Constitution or the express provisions of the statute. The finding, therefore, is not conclusive upon the trial court. The General Term, in ordering a new trial, has not vacated the order settling the issues or the verdict rendered thereon, or in any manner referred to these proceedings. It has merely ordered a new trial. This must be understood to require a retrial of all of the issues. This duty devolved upon the Special Term. That court, however, we think, has the right to receive in evidence upon such retrial the evidence taken before the jury and its verdict. It, however, was not bound thereby. It was its duty to find the facts, but it had the right to make use of the verdict for the purpose of informing the conscience of the court. We conclude, therefore, that the exception taken to the admission of the proceedings had upon the issues settled presents no error.

We have carefully considered the other questions raised by the appellant upon the argument of this appeal. We are satisfied that they were properly disposed of below and that no error was committed which calls for a reversal.

The judgment and order should be affirmed, with costs.

All concur, except O'Brien and Martin, JJ., dissenting.

Judgment and order affirmed.