## TILTON v. GANS et al.

(Supreme Court, Special Term, New York County. April 14, 1915.)

1. CORPORATIONS ⬅316—OFFICERS—SALARIES—POWER OF COURT.

　A minority stockholder of a private business corporation in a representative action may have a decree requiring directors to return to the corporate treasury all sums received by them in excess of reasonable compensation, although the by-laws of the corporation provide that the compensation of its officers may be fixed by the board of directors; the adoption of such by-law not depriving the court of its equitable jurisdiction to estimate the reasonableness of the salaries voted.

　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1401, 1402, 1404–1406, 1408, 1409, 1412–1414; Dec. Dig. ⬅316.]

2. CORPORATIONS ⬅312—DIRECTORS—VOIDABLE ACTS—RATIFICATION.

　Voidable acts of directors of a private business corporation, not fraudulent or ultra vires, as by voting one another an unreasonable salary, may be ratified by a majority of the shareholders, and must be corrected, if at all, within the corporation.

　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1376–1386, 1388–1392; Dec. Dig. ⬅312.]

3. CORPORATIONS ⬅312—OFFICERS—SALARIES.

　A minority stockholder of a private business corporation may maintain a representative action to recover salaries voted by directors to one another, as mere incidents of their office, in absence of authorization of the action in statute, by-law, or charter.

　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1376–1386, 1388–1392; Dec. Dig. ⬅312.]

4. CORPORATIONS ⬅308—OFFICERS—SALARIES—REASONABLENESS.

　Where, in pursuance of power given by the by-laws, the directors of a private business corporation by resolution fixed the defendant directors' salaries at a certain point, which was reasonable in view of the services performed, there could be no recovery in behalf of the corporation of such salaries paid,·in a representative action by a minority stockholder.

　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. ⬅308.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. CORPORATIONS ⬤⤳308 — OFFICERS — SALARIES — REASONABLENESS — SUFFICIENCY OF EVIDENCE.

In a representative action by a minority stockholder of a private business corporation to recover salaries given its president and secretary by resolution of the board of directors, evidence *held* to show the reasonableness of such compensation, in view of the services performed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. ⬤⤳308.]

6. CORPORATIONS ⬤⤳316—LOAN BY OFFICER—RATE OF INTEREST.

Where the president of a corporation loaned money to the corporation without any express agreement as to the amount of interest to be charged therefor, but in fact charging compound interest, the excess of such interest over 6 per cent. was recoverable on behalf of the corporation by a minority stockholder in a representative action, since compound interest can only be recovered under an express agreement made upon good consideration.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1401, 1402, 1404–1406, 1408, 1409, 1412–1414; Dec. Dig. ⬤⤳316.]

7. CORPORATIONS ⬤⤳316—OFFICERS—AGENCY—MUTUAL LIABILITIES OF PARTIES.

Where a judgment against a corporation and its president was based on a contract which inured to the benefit of the corporation, a minority stockholder could not compel such president to pay any portion of the judgment, which had been satisfied in full by the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1401, 1402, 1404–1406, 1408, 1409, 1412–1414; Dec. Dig. ⬤⤳316.]

8. CORPORATIONS ⬤⤳316—LOAN BY OFFICER.

The officer of a corporation may lend it money, charging therefor not in excess of the legal rate of interest.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1401, 1402, 1404–1406, 1408, 1409, 1412–1414; Dec. Dig. ⬤⤳316.]

Action by Samuel U. Tilton, on behalf of the stockholders of the Giveen Manufacturing Company, against Levi L. Gans, Howard S. Gans, Henry Bernhard, Samuel Rosenthal, and the Giveen Manufacturing Company. Complaint dismissed, except as it asks that Levi L. Gans be required to account for moneys received by him as compound interest on a loan to defendant corporation, and judgment directed to be entered accordingly. Order affirmed in 152 N. Y. Supp. 1146.

See, also, 155 App. Div. 612, 140 N. Y. Supp. 782.

Strauss, Reich & Boyer, of New York City (Charles Strauss and Eugene D. Boyer, both of New York City, of counsel), for plaintiff.

Julius M. Lowenstein, of New York City (Abram I. Elkus, of New York City, of counsel), for defendants.

NEWBURGER, J. The plaintiff brings this action in his representative capacity as a stockholder of the defendant corporation to compel the other defendants to account for and pay back to the defendant corporation moneys claimed to have been unlawfully and illegally taken from the corporation by the defendants Gans and converted to their own use, and declaring resolutions increasing the salary of the said Levi L. Gans and Howard S. Gans to be null and void. The moneys declared to have been unlawfully taken or converted from

⬤⤳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the corporation are: Moneys received by the defendant Levi L. Gans for compound interest on the Jennie Gans and L. L. Gans loan account and the exchange account; for alleged dividends upon preferred stock; for moneys received for interest on loans to the corporation at 6 per cent., when the corporation was under no necessity of borrowing the loans at such rate of interest; for moneys received by the defendants Levi L. and Howard S. Gans for salary in excess of the amount to which they were entitled according to law; for moneys owing by the defendant Levi L. Gans for his liability of one-half of the judgment obtained by John S. Giveen against the Giveen Manufacturing Company and the defendant Levi L. Gans.

The plaintiff is the holder of 3 shares of the common capital stock of the corporation, of the par value of $300, which were issued to John S. Giveen, his predecessor, in payment for good will (Corporation Minute Book, page 20), while the defendants are the owners and holders of the remaining 12 shares of the common stock, likewise issued for good will, and of the 1,000 shares of its preferred stock, for which $100,000 in cash was paid at the organization of the corporation. Since January, 1899, the defendant Levi L. Gans, as president and treasurer of the corporation, has devoted all his time to the business and has attended to the financing of the corporation; in doing so he has indorsed the notes issued to banks by the corporation and advanced large sums of money in order to maintain the business of said corporation. The plaintiff's predecessor in title, John S. Giveen, severed his connection with the corporation in January, 1899. In 1911 this action was instituted, after notice to Howard S. Gans demanding that the corporation institute it.

[1] We will first consider the question of salaries paid to the defendants Gans, as in the language contained in the plaintiff's brief, this is the most important raised by the plaintiff. It appears to be well settled in this state that, where the by-laws of a business corporation provide that the salary or compensation of its officers may be fixed by the board of directors, an adoption of such by-law does not deprive the court of its equitable jurisdiction to inquire into the reasonableness of the salaries voted by the directors, and that a minority stockholder in a representative action is entitled to a decree requiring the directors to return to the treasury all sums received by them in excess of reasonable compensation for the services they rendered. Carr v. Kimball, 153 App. Div. 825, 139 N. Y. Supp. 253; Godley v. Crandall, 212 N. Y. at pages 130–131, 105 N. E. 818. So that we are met with the question: Was the salary of the defendant Levi L. Gans, as president and treasurer, a reasonable one, in view of the business of the corporation, and was it justified, there being no dispute that the same was fixed at a meeting of the directors duly elected, and at a meeting duly called and at which the defendants Gans did not participate? There is no question on the proof submitted that since the year 1899 the business of the corporation was conducted by the defendant Levi L. Gans; that the sales increased from $450,000 to $850,000; that he loaned the corporation about $174,000 a year and indorsed notes on an average of $160,000 a year.

**[2, 3]** The rule as to salaries to be paid to officers is well settled in this state. As was said by Mr. Justice Miller in Godley v. Crandall, 212 N. Y. at page 131, 105 N. E. at page 821:

"It is undoubtedly the general rule that acts done in the interest of the corporation, which are voidable only—i. e., not fraudulent or ultra vires—may be ratified by a majority of the shareholders, and that those who object must correct them within the corporation. Leslie v. Lorillard, 110 N. Y. 519 [18 N. E. 363, 1 L. R. A. 456]; Gamble v. Queens County Water Co., 123 N. Y. 91 [25 N. E. 201, 9 L. R. A. 527]; Flynn v. Brooklyn City R. R., 158 N. Y. 493 [53 N. E. 520]; Continental Ins. Co. v. N. Y. & H. R. R. Co., 187 N. Y. 225 [79 N. E. 1026]; Pollitz v. Wabash R. Co., 207 N. Y. 113 [100 N. E. 721]. That rule results from the necessity that the majority must determine the policy of the corporation, with whose internal management the courts wisely refrain from interfering. Whether increases of salaries voted by the directors to themselves come within the rule may well be doubted. Only one case in this state holding that they do is cited, MacNaughton v. Osgood, 41 Hun, 109, reversed on another point, 114 N. Y. 574 [21 N. E. 1044]. Doubtless the directors may appoint and fix the compensation of the ministerial officers of the corporation, but the payment of salaries to themselves as mere incidents of their office is a different matter. There is authority and sound reason in support of the proposition that, in the absence of some provision of statute, by-law, or charter, the directors have no authority to vote salaries to each other as mere incidents of their office (Kelsey v. Sargent, 40 Hun, 150; Mather v. Eureka Mower Co., 118 N. Y. 629 [23 N. E. 993]; Met. Elevated Ry. v. Kneeland, 120 N. Y. 134 [24 N. E. 381, 8 L. R. A. 253, 17 Am. St. Rep. 619]); and there is ample authority to sustain the right of a minority stockholder to maintain a representative action to recover salaries voted by the directors to themselves (Butts v. Wood, 37 N. Y. 317; Jacobson v. Brooklyn Lumber Co., 184 N. Y. 152, and see cases cited on page 163 [76 N. E. 1075])."

In the same case the Appellate Division, in 153 App. Div., at pages 711, 712, 139 N. Y. Supp. 236, held that where the evidence established that the services rendered by such officers were reasonably worth to the corporation at least what had theretofore been paid to them as regular salaries should be allowed to them. See, also, Carr v. Kimball, 153 App. Div. 825, 139 N. Y. Supp. 253; Hirsch v. Jones, 115 App. Div. 156, 100 N. Y. Supp. 687.

**[4, 5]** Therefore the resolution of the board of directors in fixing the salaries of the defendants Gans having been regularly adopted and in pursuance of the power given by the by-laws, and it appearing that the same was not done for the purpose of disposing of the profits and avoiding payments of dividends, as was the case in all of the authorities cited by plaintiff, the question to be determined is: Was the salary voted to Levi L. Gans fair, reasonable and proper? Proof was offered by a number of merchants in the same line of business as is conducted by the defendant corporation, and from such proof I am of the opinion that in view of the services rendered by Levi L. Gans and the amount of money he procured and loaned to the business the salary voted to him was fair and reasonable. It is conceded that the whole responsibilities of the proper financing and carrying on the business was with him; at no time did the plaintiff assist, aid, or offer to participate in the management of the business, and from the years 1899 to 1911 neither the plaintiff nor his predecessor in title ever participated in the management of the business, contributed any moneys, or objected to the management or methods pursued by the directors and officers of the defendant corporation, although no dividends had

·ever been declared by the corporation on the common stock, and none ·on the preferred stock since 1908.

As to the salary paid to Howard S. Gans: It appears that he was unanimously elected secretary in 1898 at a meeting at which Giveen, plaintiff's predecessor, attended, and received a salary of $500, as provided by the by-laws. In January, 1899, the salary was raised to $1,000 per annum by an amendment to the by-laws. In June, 1908, Gans ·ceased to be secretary and the salary was dispensed with, as appears by the minute book of the corporation. The proof clearly shows that he rendered services as such secretary, and also legal services to the ·corporation, for which he made no extra charge. I fail to find anything in the record that would warrant me in holding that the sums so paid were in violation of the rights of the plaintiff or any stockholders ·of the defendant corporation.

As to the plaintiff's claim that the defendant Levi L. Gans has taken certain dividends to which he was not entitled, I can find no justification for such a claim. It is apparent from an examination of the minutes of the board of directors that the dividend paid in July of 1908 was intended to cover the period to January, 1908. The action in reference to such dividend in no wise impaired the rights of the plaintiff or any stockholders of the defendant corporation. Groh v. Groh, 80 App. Div. 85, 80 N. Y. Supp. 438.

[6] Plaintiff claims that the books of the corporation disclose that the defendant Levi L. Gans credits himself on the loan account with compound interest. I know of no authority that justifies any officer of a ·corporation who loans money to such corporation of claiming more than 6 per cent. for such loan. As no agreement was entered into between the parties, defendant was not entitled to more than 6 per cent. As was said by Mr. Justice Scott in Spain v. Talcott, 165 App. Div. at page 823, 152 N. Y. Supp. at page 611:

"The question as to when compound interest may be charged was exhaustively considered in Young v. Hill, 67 N. Y. 162 [23 Am. Rep. 99]. In that case it was said: 'Compound interest can only be recovered upon some new and independent agreement, made upon a good consideration. * * * The exacting or reserving of compound interest has not met with favor in the courts, but the right to retain it when voluntarily paid is not disputed, and a recovery of it upon express contract, made after the interest has accrued and upon a sufficient consideration, is allowed. * * * Two propositions are definitely settled by adjudication: First, that an agreement to pay interest upon interest must, in order to insure its validity, be made after the interest which is to bear interest, has become due; and, second, that it must be supported by a sufficient consideration. See, also, Quackenbush v. Leonard, 9 Paige, 334; Van Benschooten v. Lawson, 6 Johns. Ch. 313 [10 Am. Dec. 333]; Connecticut v. Jackson, 1 Johns. Ch. 13 [7 Am. Dec. 471]. The contract was for 6 per cent. per annum, which at the most would have permitted only annual rests, and it is not contended that there was ever any express agreement that interest should be compounded more frequently. It is claimed, however, that plaintiff's retention of the monthly accounts current showing the compounding of interest indicated his acquiescence, and was equivalent to an express agreement that the interest should be compounded monthly. One answer is that no new consideration is shown for any such agreement, and another is that plaintiff did not acquiesce. On the contrary, the first year of the contract he protested; but his protest was unheeded. There was nothing more that he could do, except to break the contract, and this, for obvious reasons, he could not do without great financial risk. An assent to an il-

legal transaction will not be inferred under such circumstances. It is also said that the current accounts are to be treated as accounts stated, and that plaintiff, having received and retained them in silence, cannot now be heard to question their accuracy. The theory upon which rests the finality of an account stated is that it represents an agreement reached by the parties. It is not final, however, if either party is so circumstanced that he is not free to assent or dissent, or if either had already expressed his disagreement with the manner in which the account is made up. Edwards v. Hoeffinghoff [C. C.] 38 Fed. 635; Eames v. Vacuum Brake Co. v. Prosser, 157 N. Y. 300 [51 N. E. 986]; Stenton v. Jerome, 54 N. Y. 480. Both of these obstacles to regarding the monthly accounts as final exist in the present case."

I am therefore of the opinion, as to the interest charged to the L. L. Gans and Jennie Gans account, that the same, so far as it represents compound interest, was improper; but as the testimony of the expert accountant called by the plaintiff was so contradictory, the decree may provide for an accounting as to this item only.

[7] As to the claim of the plaintiff that the defendant Levi L. Gans is chargeable with one-half of the judgment obtained by John S. Giveen against the Giveen Manufacturing Company and said Gans, it appears that a judgment was obtained in 1903, and the same was discharged by the defendant corporation on April 7, 1905. While it is true that the judgment was against both Gans and the corporation, yet a reading of the complaint discloses the fact that the contract on which the action was predicated was between Giveen and the corporation, and that the same inured to the benefit of said corporation, and therefore the defendant Gans is not chargeable with the payment of any portion of said judgment.

[8] As to the claim that Levi L. Gans was not entitled to receive any interest for moneys loaned by him to the corporation, there is absolutely no evidence showing that said moneys were not required by the corporation in its business, and I know of no rule of law that prevents an officer of a corporation loaning it moneys and receiving therefor 6 per cent. on such loans.

Let judgment be entered directing the defendant Levi L. Gans to account for moneys received by him as compound interest or credited to the L. L. Gans and Jennie Gans account as compound interest, and that a reference be had to ascertain the exact amount so received or charged. As to the other claims of the plaintiff the complaint is dismissed.

Submit findings and decree.