BURR WINSOR, Respondent, *v.* WILLIAM H. BUSH, Defendant, Impleaded with ELIZABETH E. BUSH, Appellant.

Third Department, December 28, 1916.

Costs — suit in equity — issue of fact submitted to jury by court — successful party not entitled to two trial fees — function of jury in equity.

Where the court, having heard the evidence in a suit to foreclose an unrecorded mortgage on lands subsequently conveyed by the mortgagor to the defendant, of its own motion calls in a jury to inform the conscience

of the court on the question as to whether the defendant had knowledge of the prior unrecorded mortgage, there was but a single trial, and the successful defendant is not entitled to include two trial fees in the bill of costs.

A court of equity may at any time before making a decision call to its aid a jury to determine a question of fact, and the trial is not completed until the decision has been made.

Function of the jury in suits in equity stated, per WOODWARD, J.

APPEAL by the defendant, Elizabeth E. Bush, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 18th day of September, 1916, denying her motion to include certain items in her bill of costs.

*T. B. & L. M. Merchant,* for the appellant.

*Charles R. Stewart,* for the respondent.

WOODWARD, J.:

The plaintiff brought this action to foreclose an unrecorded mortgage, executed by the defendant William H. Bush upon premises subsequently deeded by him to the defendant Elizabeth E. Bush. The action was equitable, and proceeded to trial without a jury as a matter of course, on the 20th day of July, 1915. The principal issue in the case, of course, was the question of whether the defendant Elizabeth E. Bush had knowledge of the plaintiff's unrecorded mortgage at the time she took the deed. The evidence upon this question appears to have been conflicting. The trial court, after taking briefs and deliberating upon the question, on its own motion directed that the issue as to notice be sent to a jury for determination. Subsequently the defendant Elizabeth E. Bush caused a new notice of trial to be served on plaintiff's attorney, and such steps were taken that the question of fact involved was tried before a jury at Binghamton on the 29th day of June, 1916, resulting in a determination of the issue in favor of the defendant Elizabeth E. Bush, upon which the court made findings of fact and conclusions of law dismissing the action on the merits as to her, with costs.

The successful defendant included in her bill of costs items of fifteen dollars and thirty dollars for costs after notice and before trial of the issue of fact before the jury, and for trial

fee for the June Trial Term, with a fee for the June term of 1915. The plaintiff filed objections to these items, and the taxing officer sustained the objections. The successful defendant moved the Special Term for a new taxation of costs, and upon the hearing upon that motion the court allowed the term fee for June, 1915, and denied the motion as to the other items. From that part of the order which denied the motion for the other items the successful defendant appeals to this court, upon the theory that there have been two trials of this action; one before the court without a jury, and the other before the court with a jury.

Obviously this equitable action has had but a single trial; the court, while taking the case under consideration upon the briefs, had not completed the trial; the question upon which the decision was to rest remained undetermined, and the court simply elected to exercise its right to call to its aid the determination of a jury. Whether this was in accord with the proper practice or not is not important here, for the defendant at least acquiesced in the order directing the trial of the issue by a jury, and took affirmative steps to have the order carried out. We are of the opinion, however, that a court of equity may properly, at any time before the making of a decision, call to its aid a jury in determining any question of fact, and that the trial is not completed until the decision has been made. The court merely reopens the case for the purpose of taking further evidence, the determination of the jury being received as additional evidence to aid the conscience of the court. But it is the duty of the court to make the findings and conclusions, and it may entirely ignore the verdict of the jury if so minded, and it cannot be held, with any fair degree of discrimination in the use of language, that the submission of a specific question of fact to a jury in connection with an equitable action, constitutes a retrial of the action. The principles enunciated in the case of *McClave* v. *Gibb* (157 N. Y. 413) and authorities relied upon therein, make it entirely evident that in an action where the parties are not entitled to a trial by jury as a matter of right, the interposition of a jury is in no sense a trial of the action. It is merely an aid to the court in determining its final action. The action of the court in calling upon a jury to aid

in the determination was no different in principle from permitting a party to reopen a case and submit further evidence in a jury trial before the final determination, and the learned court at Special Term was entirely right in denying the motion for a retaxation of the costs in this case in so far as that order is now before this court.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.