124

In the Matter of the Estate of DAVID RICHARDS, Deceased. JOHN M. RICHARDS, as Executor of DAVID RICHARDS, Deceased, Appellant; HAROLD MEEGAN, Respondent.

Fourth Department, January 15, 1958.

*Stewart F. Hancock* and *Philip T. Seymour* for appellant.

*Clifford H. Searl* for respondent.

*Per Curiam.* This is a proceeding under section 231-a of the Surrogate's Court Act to determine the reasonable value of the services of an attorney rendered to the executor of the estate.

The Surrogate upon demand of the respondent ordered ex parte a jury trial and later made an order denying the appellant's motion to vacate the ex parte order for a jury trial. The trial was had before the Surrogate and a jury, and the jury rendered a verdict fixing the reasonable value of respondent's

services at $25,500. A decree was entered that the verdict of the jury " be and hereby is made the order, judgment and decree of this Court in all respects ". The executor appeals from such order, judgment and decree and from the intermediate orders granting a jury trial.

The proceeding is in the nature of equity and the weight of authority is that there is no absolute right to a jury trial. (*Matter of Pardee,* 239 App. Div. 876; *Matter of Britton,* 187 Misc. 70; *Levy* v. *Niklad,* 259 App. Div. 54; *Matter of King,* 168 N. Y. 53, 58.) The appellant concedes in his brief, and we agree, that the Surrogate had the power to order a trial by jury as a matter of discretion but appellant contends that to do so in this proceeding was an abuse of discretion. In a proceeding in equity, such as this, where the right to a jury trial is discretionary with the court, the verdict of the jury is merely advisory. It is not binding upon the court. The court may adopt it or disregard it. (*Levy* v. *Niklad, supra.*) The verdict is to be treated as an aid to the court to inform its conscience but the court is no wise bound by it and the responsibility of determining the facts still rests upon the trial judge. (*McClave* v. *Gibb,* 157 N. Y. 413, 420.) Under the circumstances present here, we cannot say that it was an abuse of discretion for the Surrogate to order the aid of a jury in determining the facts. The order denying the appellant's motion to vacate the ex parte order for a jury trial should be affirmed. The appeal from the ex parte order should be dismissed.

Upon our consideration of the testimony and the verdict of the jury we find that the verdict of the jury is excessive in amount. The Surrogate if dissatisfied with the jury verdict could have made his own determination. So may this court, as it has the same power to decide questions of fact as the Surrogate had (Surrogate's Ct. Act, § 309). We have accordingly reviewed the testimony taken before the Surrogate and the jury and find that the reasonable value of the services rendered by the respondent as attorney for the executor-appellant is the sum of $17,500.

The decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court of Onondaga County with the direction to enter a decree upon the finding made herein by this court, without costs of this appeal to any party.

All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

Decree reversed on the facts, without costs of this appeal to either party, and matter remitted to the Surrogate's Court with direction to enter a decree upon the finding of this court that the reasonable value of the services rendered by respondent as attorney for the executor-appellant is $17,500. Appeal from order entered February 23, 1956, dismissed; order entered June 19, 1956, affirmed; order entered October 25, 1956, affirmed.