| |
|---|
| **Sinay v Amin** |
| 2024 NY Slip Op 31579(U) |
| May 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 526794/2023 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
LAZAR SINAY and NAFTULI HOLLENDER,

                                    Plaintiffs          Decision and order

          - against -                                  Index No. 526794/2023

GHASSAN AMIN,

                              Defendant,

          and
                                                       May 2, 2024

R&F LIMOUSINE INC.,

                              Nominal Defendant,
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                Motion Seq. #1 #2 & #3


          The plaintiffs have moved twice seeking a determination the

defendant violated an earlier order of the court restraining the

defendant from interfering with the plaintiff's securing

automobile insurance and for imposing sanctions.  The defendant

opposes the motions arguing the original order to show cause

should not have been signed and no sanctions are appropriate.

Papers were submitted by the parties and arguments held.  After

reviewing all the arguments this court now makes the following

determination.

          According to the verified complaint the plaintiffs own

thirty-two 'for hire' vehicles that are registered with the New

York City Taxi and Limousine Commission.  In 2017 the plaintiff

and defendant entered into some sort of arrangement whereby the

vehicles, owned by the plaintiff, would be covered under

automobile insurance policies secured by defendant's company R&F

Limousine Inc.  The verified complaint further alleges that the

[* 1]

plaintiff became the majority owner of the entity and in turn paid the defendant $200 for each vehicle operated under R&F Limousine Inc. and obtained licenses, known as diamonds, and registered those diamonds under R&F Limousine Inc. The plaintiff paid for all the expenses of the vehicles including insurance, registration, and necessary corporation fees. The relationship deteriorated and the defendant sought and still seeks to terminate the relationship. Thus, he attempted to facilitate the cancellation of the automobile insurance policies for all the vehicles unless he was paid additional funds. The plaintiff commenced this lawsuit and obtained an injunction prohibiting the defendant from interfering with the plaintiff's ability to secure proper insurance for all the vehicles. These motions have been filed alleging the defendant violated the injunction and seeks sanctions. The defendant opposes the motions arguing no partnership or joint venture was ever established between the parties and consequently the plaintiff has no authority to impose any conditions on the defendant's business.

## Conclusions of Law

A joint venture is "an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge" (Williams v. Forbes, 175 AD2d 125, 571 NYS2d 818 [2d

2

Dept., 1991]). The elements of a joint venture are "an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise; and a provision for the sharing of profits and losses" (Kaufman v. Torkan, 51 AD3d 977, 859 NYS2d 253 [2d Dept., 2008]). Thus, a joint venture cannot be created without a "mutual promise or undertaking to share the burden of the losses of the alleged enterprise" (Maware v. Landau, 130 AD3d 986, 15 NYS3d 120 [2d Dept., 2015]).

In this case while there may not be a joint venture since there is no indication the parties agreed to share in losses, there can be no dispute that some sort of business relationship was established between the parties. Thus, the defendant admits that he "agreed with Mr. Sinay that he could have his vehicles covered by R & F Limousine Inc.'s insurance policy on a year-by-year basis...provided that he paid all expenses relating to his vehicles, including insurance premiums, registrations, and other expenses. In exchange for permitting him to have his vehicles covered by R & F Limousine Inc.'s insurance policy, Mr. Sinay agreed to pay me $200.00 per vehicle included in the policy" (see, Affirmation of Ghassan Amin, ¶¶6,7 [NYSCEF Doc. No. 52]). Amin further indicates that he longer wishes to maintain

3

[*3]

this relationship, which is surely his prerogative. Indeed, Amin insists he has the right to terminate the relationship at will. While that may be true, there is no dispute the vehicles belong to the plaintiff. Thus, any termination of the arrangement cannot damage the plaintiff's ability to continue to operate its business. Thus, Amin has not presented any reason why the plaintiff cannot continue to operate its business while the parties negotiate a termination of their relationship. In this case the vehicles are owned by the plaintiff but are registered under R&F Limousine Inc. That anomaly is the crux of the complexity regarding the injunction. Further, the verified complaint asserts that "TLC rules and regulations do not permit Plaintiffs to transfer the Diamonds for the Vehicles to Plaintiffs' Companies" (see, Verified Complaint, ¶99 [NYSCEF Doc. No. 5]). That reality is thus one factor to be considered as the parties negotiate the value of any termination. However, as already noted, the defendant's method of an acceleration of any termination by preventing the insurance to be placed in the vehicles unfairly encroaches upon the plaintiff's business operations.

Amin argues that any injunction harms his ability to conduct his business. First, there is no evidence substantiating that dubious assertion. More importantly, the injunction really only concerned the insurance coverage for the policies. That matter

has already concluded, rendering much of the relief sought as moot. Therefore, the motion seeking any sanctions is denied. The opposition seeking to remove any injunction is denied as well. As the parties negotiate an end to their relationship neither party can be forced to cease its business operations.

    So ordered.

        ENTER:

DATED: May 2, 2024
       Brooklyn N.Y.       Hon. Leon Ruchelsman
                            JSC

5